IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00423-CR

 

Denny Joseph Bradley,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 35,756

 



MEMORANDUM  Opinion










 

            Denny Joseph Bradley appeals from his
conviction for the offense of burglary of a habitation with the intent to
commit aggravated assault or by attempting to commit or committing aggravated
assault.  Tex. Pen. Code Ann. §
30.02 (a)(1) & (3) (Vernon 2003).  Punishment was assessed at thirty-five
years’ imprisonment as determined by the jury.  Bradley complains that the
trial court’s instruction regarding self-defense was erroneous and that he was
egregiously harmed by the erroneous instruction.  Because we find that Bradley
was not egregiously harmed, we affirm the judgment of the trial court.

Jury Charge Error

            The charge as submitted to the jury included an instruction on
self-defense that included language that was deleted from the statute in 2007
regarding a duty to retreat and added language regarding when there is no duty
to retreat.  See Tex. Pen. Code
Ann. § 9.31(a) & (e), effective Sept. 1, 2007 (Vernon Supp.
2010).  The State concedes that the instruction as given was erroneous, but
contends that the error was harmless.

In considering issues of jury charge error, we
first determine whether error exists.  See Barrios v. State, 283 S.W.3d
348, 350 (Tex. Crim. App. 2009).  If there is error, but the defendant did not
object, reversal is not required unless the error was fundamental, that is, so
egregious that the defendant was denied a fair and impartial trial.  Id.; Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on
reh’g).

It is undisputed that the charge as given was
erroneous as it instructed the jury using language regarding self-defense that
is no longer correct.  Bradley did not object to the charge, therefore, we must
determine if the error constituted egregious harm to Bradley.  In conducting a
harm analysis, we consider the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the arguments
of counsel, and any other relevant information revealed by the record of the
trial as a whole.  See Almanza, 686 S.W.2d at 171, 173-74.

            Bradley contends that the charge as
given should have included the language in section 9.31(e), which states:

A person who has a right to be present at the
location where the force is used, who has not provoked the person against whom
the force is used, and who is not engaged in criminal activity at the time the
force is used is not required to retreat before using force as described by
this section.

 

Tex. Pen. Code Ann. § 9.31(e) (Vernon Supp. 2010).   

Bradley was charged with burglary of a habitation
with the intent to commit the offense of aggravated assault and/or entering a
habitation and attempted to commit or committed the offense of aggravated
assault.  Tex. Pen. Code Ann. §
30.02(a)(1) & (3) (Vernon 2003).  The gravamen of a burglary offense is the
unauthorized entry of the habitation with the requisite mental state.  Ex
parte Cavazos, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006).

Analysis

            Bradley’s contention is that he was
harmed because the erroneous instruction rendered the instruction and his
argument regarding the aggravated assault being committed in self-defense
meaningless.  We disagree.  Had the jury found Bradley not guilty of the
offense of burglary of a habitation but guilty of the offense of aggravated
assault, certainly this might be different.  However, in order to find an
individual guilty of burglary under any theory, the jury was required to find
that the defendant entered the building or habitation without the effective
consent of the owner.  Tex. Pen. Code
Ann. § 30.02(a) (Vernon 2003).  Bradley’s contention was that he had
entered the residence with the consent of the owner and therefore, he had a
right to be present in the habitation where the force was used.  Because the
jury was required to determine as a preliminary matter whether Bradley entered
the residence without the effective consent of the owner in order to find him
guilty of the burglary offense, once they made that determination it became
irrelevant as to whether Bradley had a duty to retreat or not because he did
not have a right to be present.

            The charge was otherwise unexceptional
and included the lesser-included offense of aggravated assault in the event
that the jury found Bradley not guilty of the burglary charge.  Bradley does
not contest the sufficiency of the evidence and the evidence was sufficient to
sustain his conviction for the burglary pursuant to the proper standard.  The
State contended during its jury argument regarding the self-defense instruction
that it did not apply to the burglary offense but to the lesser-included
offense of aggravated assault, which under these facts, is not improper.  We do
not find that Bradley was egregiously harmed by the erroneous instruction
regarding self-defense.  We overrule Bradley’s sole issue.

Conclusion

            Although the trial court erred by
including an incorrect statement of the law regarding self-defense in the jury
charge, we do not find that Bradley was egregiously harmed by the improper
instruction.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed December 1, 2010

Do not publish

[CRPM]