GEORGE CHILDRESS v. THE STATE.

No. 4524.     Decided January 29, 1909.

*Assault to Murder—Charge of Court—Reasonable Doubt.*

Where upon trial for assault with intent to murder the court instructed the jury that if defendant committed an unlawful assault, and there was a reasonable doubt as to whether it was an assault to murder or aggravated assault, they should acquit of assault to murder and convict of aggravated assault, the court thereby directly applied the law of reasonable doubt as between the degrees, and the charge was sufficient; besides the court applied the reasonable doubt to the whole case.

Appeal from the District Court of Brazos. Tried below before the Hon. J. C. Scott.

Appeal from a conviction of assault with intent to murder; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Doremus & Butler*, for appellant.—On question of court's charge on reasonable doubt: Perry v. State, 44 Texas, 473; Reyons v. State, 33 Texas Crim. Rep., 143; McCall v. State, 14 Texas Crim. App., 363; Blake v. State, 3 Texas Crim. App., 583; Fuller v. State, 113 S. W. Rep., 540.

*F. J. McCord*, Assistant Attorney-General, for the State.—Edens v. State, 41 Texas Crim. Rep., 522, 55 S. W. Rep., 815; Robinson v. State, 63 S. W. Rep., 869.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of as-

sault to murder, his punishment being assessed at two years confinement in the penitentiary.

The evidence shows that appellant and Henry Childress with their families occupied houses on the same farm distant from each other some three or four hundred yards. The water having given out in the tank on the farm, Henry Childress sent his horses over to the ·well used by George Childress for the purpose of having them watered. He sent a tub to be used in watering the horses. Appellant informed Henry Childress that as there was not sufficient water in the well except for family purposes, he could not permit him to use the water for stock purposes. This brought on ill-feeling and George Childress notified Henry Childress to come and take his tub away. Henry and his wife went over to the residence of appellant, Mrs. Henry Childress, taking a bucket along with a view of securing the return of some flour she testified she had loaned the wife of George Childress, as well as to obtain the return of some camphor and oil which she also states she had loaned Mrs. George Childress, appellant's wife. Upon reaching the residence of George Childress, Mrs. Henry Childress asked appellant's wife to return the borrowed articles. Appellant's wife denied having borrowed the articles, whereupon Mrs. Henry Childress called her a liar. There is evidence to the effect that Henry Childress as well as Mrs. Henry Childress called appellant's wife a liar and a "quarter whore." Henry himself emphatically denies that such language occurred as far as he was concerned; and that when his wife called Mrs. George. Childress a liar he undertook to carry her away. He also denied having used any insulting language towards either appellant or his wife. This perhaps is a sufficient statement of the evidence to review the questions presented.

The court charged the jury, applying the law to the facts, that if they should find from the evidence beyond a reasonable doubt that appellant, with his malice aforethought shot or shot at Henry Childress with intent to kill, he would be guilty of an assault to murder. This charge follows the above: . "If you believe from the evidence that the defendant is guilty of an assault, but have a reasonable doubt as to whether such assault was upon malice aforethought, with intent to murder, as herein explained to you, then you will acquit him of that offense, and next consider whether he is guilty of an aggravated assault, or whether he was justified in his action." Then follows a charge on aggravated assault, definition of adequate cause and sudden passion. After charging the jury that any condition or circumstance capable of creating, and which does create sudden passion, such as anger, etc., and telling the jury to consider all the facts and circumstances in evidence in this connection, they were then charged pointedly, "That if Henry Childress called defendant's wife a lying heifer and a 'quarter whore,' said language or either of said epithets would be adequate cause." The court then

instructed the jury, that if they should find from the evidence that defendant shot with a gun or shot at Henry Childress with a gun, but that prior to shooting said Henry Childress he had called defendant's wife a lying heifer and a quarter whore, and that these epithets, or either of them, created in the mind of defendant sudden passion which rendered his mind incapable of cool reflection, and that under the influence of sudden passion, he shot or shot at Henry Childress, then he would be guilty of an aggravated assault. The court also charged that if defendant's mind was aroused by sudden passion by the use of either or all of these epithets, that the shooting would be of no higher offense than aggravated assault. The court also charged, that if they should believe that from the words of Henry Childress' wife toward defendant's wife, or towards defendant; or if they should believe that Henry Childress' wife was acting with him in any unlawful conduct towards defendant or defendant's wife, and that such conduct caused, in the mind of defendant sudden passion, which rendered his mind incapable of cool reflection, and that under the influence of sudden passion, he shot or shot at Henry Childress, he would be guilty of aggravated assault. Then follows the charge on presumption of innocence and reasonable doubt.

The point of appellant's objection is, the omission of the court to insert directly and positively the reasonable doubt in applying the law of aggravated assault. It is contended that the court should have charged reasonable doubt in directly applying the law of aggravated assault; and also, should have charged directly the reasonable doubt with reference to the use of insulting conduct or language. We are of opinion that the charge as given is sufficient, wherein the court instructed the jury, that if appellant committed an unlawful assault, and there was a reasonable doubt as to whether it was an assault to murder or aggravated assault, they should acquit of assault to murder and convict of an aggravated assault. This directly applies the law of reasonable doubt as between the degrees, and is sufficient. In other words, we are of opinion that where reasonable doubt is given as between the degrees of an offense, that this usually sufficiently applies the law to the case. The court went farther, in this particular case, than applying the law of reasonable doubt to the whole case, and applied it to the degrees. We are of opinion that this phase of the law was sufficiently presented in this case, and that there is no error requiring a reversal of the judgment.

The judgment is affirmed.

*Affirmed.*