BILL BUSSELL v. THE STATE.

No. 8184. Decided October 8, 1924.

No motion for rehearing filed.

1.—Receiving Stolen Property—Charge of the Court.

Where evidence of value of stolen property received is conflicting, it is duty of trial court to charge on both a felony and misdemeanor, also on reasonable doubt as between the two degrees. See Richardson v. State, 91 Tex. Crim. App., 318, especially the motion for rehearing.

2.—Same—Evidence—Explanation of Absence of Important Witnesses for Appellant Should be Admitted.

Where appellant testified that he purchased property found in his possession from a man named Jones, he should also have been permitted to

prove that Jones was in the penitentiary, as explanatory of his failure to produce him on the trial.

Appeal from the District Court of Parmer County. Tried below before the Hon. Reese Tatum, Judge.

Appeal from a conviction for receiving stolen property. Penalty fixed at two years in the State penitentiary.

*A. B. Crane* and *Williams & Martin,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is receiving stolen property; punishment fixed at confinement in the penitentiary for a period of two years.

It is charged that the appellant received twelve spools of barbed wire of the aggregate value of sixty dollars, being the property of Elbert Overton and having been previously stolen from him by some unknown person.

Overton, the owner of twenty-seven spools of barbed wire, of the average value of five dollars per spool, had distributed them upon a tract of land with the intention of constructing a fence. They remained exposed to the weather for many months and about a year after they were distributed, Overton missed all of the spools of wire except three. Twelve of them were found in the possession of the witness Phillips. The twelve spools of wire which Phillips had purchased from the appellant were identified by Overton as part of the property mentioned. Appellant testified and admitted that he had delivered the twelve spools of wire to Phillips but denied that he had taken any part in the theft of them from Overton. He claimed that he had purchased them from one Jones who had them in his possession. At the time of their purchase, appellant had no knowledge that they had been stolen.

The indictment contained two counts: one charging the appellant with the theft of property; the other with its fraudulent receipt. He was acquitted of theft but was found guilty of receiving the property, knowing it to have been stolen from some person unknown to the grand jurors.

The evidence of the theft was circumstantial, as was also the identity of the thief.

Appellant advanced the proposition that if the thief originally stole the property in separate parcels, each of which was of a value less than fifty dollars, the grade of the appellant's offense would not be a felony but a misdemeanor. We are not able to concur in this position. If the appellant in a single transaction received twelve spools of wire of the aggregate value of sixty dollars knowing them to have been stolen,

he was guilty of a felony. The evidence develops a conflict touching the value of the wire which the appellant received. From the evidence the jury would have been authorized to find that the aggregate value of the twelve spools of wire possessed by the appellant did not exceed forty dollars. The evidence would also support the conclusion that the value exceeded fifty dollars.

The court instructed the jury that before they could convict the appellant of a felony, they must believe that the value of the property received by him exceeded fifty dollars.

Exception to the charge was presented and reserved on the ground that there was a failure to instruct the jury that if the evidence left in their minds a reasonable doubt as to the grade of the offense, that is, whether a felony or a misdemeanor, that the doubt should be resolved in favor of the appellant, and that if convicted, it should be of a misdemeanor. This phase of the law seems not embraced in the main charge nor in any of the special charges given. As stated above, there is evidence requiring the court to instruct the jury upon both grades of the offense, depending upon the value of the property, and such an instruction was given. Where the facts pertinently raise such an issue, it is the duty of the court to instruct the jury as suggested in the exception mentioned. See Richardson v. State, 91 Texas Crim. Rep., 318, especially the motion for rehearing, page 325, and cases cited.

Appellant testified that when he first saw the wire which he sold to Phillips, it was in a wagon under the control of Clive Jones; that he acquired the wire by exchanging other property for it. Appellant introduced some testimony corroborative of his own upon this subject. The truth of this statement coming from the appellant was doubtless the subject of question by the jury, particularly as the State introduced as impeaching the appellant the fact that he had been charged with other offenses. In the cross-examination of both the appellant and his witness, suspicion was thrown upon their veracity.

Appellant sought to account for the absence of Jones' testimony by showing that he was in the penitentiary. It was proper and important that the appellant should show that Jones was not available to him as a witness. The proffered testimony was apparently relevant upon this issue and should have been admitted.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*