

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0891-08

**LUIS NOE BARRIOS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN joined. KELLER, P.J., concurred.

### O P I N I O N

Appellant was charged with, and found guilty of, capital murder. The state did not seek the death penalty, so appellant was sentenced to life imprisonment. On appeal, the First Court of Appeals in Houston affirmed the conviction, finding that there was no error in the portion of the trial court's charge that instructed the jury to acquit appellant of capital murder before it could consider the lesser-included offense of robbery. We granted appellant's petition for review. Because we find no error in the jury charge, we affirm the judgment of the court of appeals.

**Facts**

On February 18, 2005, appellant, along with his brother Omar and his sister's boyfriend, Paul Rangel, entered Nolan Laboube's apartment in order to rob Laboube of drugs and money. After entering the apartment, appellant watched while Omar and Rangel beat Laboube and Rangel shot Laboube in the head. The group grabbed Laboube's safe and fled from the apartment.

A week after the robbery, police arrested appellant. During his interview with police, appellant waived his legal rights and made a videotaped statement in which he confessed that he had participated in the robbery, but denied knowing that Rangel had a gun with him on the night of the offense.

The court's charge to the jury in the guilt phase set out the elements of capital murder and continued with an instruction on the procedure that the jury should follow if it did not find proof of that offense beyond a reasonable doubt.

> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of capital murder and next consider whether the defendant is guilty of robbery.

The charge next instructed the jury on the elements of robbery and directed it to "acquit the defendant of robbery" unless it found from the evidence "beyond a reasonable doubt" that he was guilty of robbery. The charge continued with an instruction on the benefit of the doubt.

> If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either capital murder on the one hand or robbery on the other hand, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of robbery.

The charge continued with instructions about a verdict of "not guilty."

> If you have a reasonable doubt as to whether the defendant is guilty of any offense

defined in this charge you will acquit the defendant and say by your verdict "Not Guilty."

Appellant made a timely objection to the charge at trial, which the trial court overruled. The jury found appellant guilty of capital murder and, because the state did not seek the death penalty, the trial court assessed punishment at confinement for life.

On appeal, appellant argued that the trial court erred by instructing the jury that it must unanimously agree that he was not guilty of capital murder before it could consider the lesser-included offense of robbery. The court of appeals overruled appellant's point of error, finding that the instruction to the jury did not require the jury to unanimously agree on acquittal. *Barrios v. State*, No. 01-07-00099-CR, 2008 Tex. App. LEXIS 2792, at *5 (Tex. App.–Houston [1st Dist.], Apr. 17, 2008). Rather, the instruction allowed the jury to consider the charge as a whole, and it could consider the lesser-included offense before making a decision on the charged offense. *Barrios*, 2008 Tex. App. LEXIS, at *6.

We granted appellant's ground for review: the court of appeals erred in holding that the "acquittal first" instruction in the trial court's charge would allow the jury to consider the lesser offense of robbery before unanimously deciding to acquit of the greater offense of capital murder.

**Standard of Review**

A claim of jury-charge error is reviewed using the procedure set out in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). The first step is to determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). If there was error and appellant objected to the error at trial, reversal is required if the error "is calculated to injure the rights of the defendant," which we

have defined to mean that there is "some harm." *Almanza*, 686 S.W.2d at 171. If the error was not objected to, it must be "fundamental" and requires reversal occurs only if it was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Id*.

## The Jury Instruction

Appellant directs our attention to *Boyett v. State*, 692 S.W.2d 512 (Tex. Crim. App. 1985), and contends that this Court laid out the blueprint for the "acquittal first" sequencing instruction in that case.[1] Boyett was indicted for murder and was convicted by a jury of the lesser-included offense of voluntary manslaughter. *Id*. at 514. This Court affirmed his conviction and held that the jury charge that Boyett had complained of, while not perfect, did not deprive him of a fair and impartial trial because it adequately instructed the jurors about acquittal and consideration of the lesser-included offenses. *Id*. at 516.

> After applying the law to the facts for murder, voluntary manslaughter, and involuntary manslaughter, the charge stated, "Unless you so find, or if you have a reasonable doubt thereof, you should consider whether or not the defendant is guilty of the lesser included offense of [offense named]."

*Id*. at 515.

> The Court agreed with Boyett that the given instruction was unclear, and stated that

> the charge given . . . should have more explicitly instructed the jurors that if they did not believe, or if they had reasonable doubt of appellant's guilt of the greater offense,

---

[1] The instruction given in *Boyett* has been in regular use in Texas for many decades, going back at least as far as *Childress v. State*, 115 S.W. 582 (Tex. Crim. App. 1909). *Accord*, *Sykes v. State*, 399 S.W.2d 349 (Tex. Crim. App. 1966); *Raven v. State*, 533 S.W.2d 773 (Tex. Crim. App. 1976). The version of the instruction used in *Childress* set out the offense of "assault to murder" with aggravated assault as the lesser-included offense.

> If you believe from the evidence that the defendant is guilty of an assault, but have a reasonable doubt as to whether such assault was upon malice aforethought, with intent to murder, as herein explained to you, then you will acquit him of that offense, and next consider whether he is guilty of an aggravated assault, or whether he was justified in his action.

*Childress* at 582. Thus, *Boyett* stands for the Court's explicit approval of the sequencing instruction, which by the time of that case had already been incorporated into form jury instructions. Indeed, the *Boyett* court cited the form instruction. *Boyett*, 692 S.W.2d at 515 (citing 8 SAM A. WILLSON, CRIMINAL FORMS ANN., CHAPTER 93 (Texas Practice 1977)).

they should acquit appellant and proceed to consider whether appellant was guilty of the lesser included offense.

*Id*. The Court suggested a different instruction.

The better practice is to instruct the jury that if it has a reasonable doubt as to whether a defendant is guilty of any offense defined in the charge, it will find the defendant not guilty and the better location for such an instruction is after the last lesser included offense in the charge.

*Id*. at 516.

Since *Boyett*, at least two courts of appeals, in five reported opinions, have considered a jury-charge instruction that required the "acquittal" of the defendant before consideration of the lesser-included offense. Four of those opinions held that including such an instruction was not error. *Mitchel v. State*, 264 S.W.3d 244 (Tex. App.–Houston [1st Dist.], 2008, pet. ref'd.); *Rainey v. State*, No. 01-06-01026-CR, 2008 Tex. App. LEXIS 2789 (Tex. App.–Houston [1st Dist.], Apr. 17, 2008, pet. filed); *McAdams v. State*, No. 01-07-00256-CR, 2008 Tex. App. LEXIS 1468 (Tex. App.–Houston [1st Dist.], Feb. 28, 2008, pet. filed); *Hutson v. State*, No. 03-99-00523-CR, 2000 Tex. App. LEXIS 1831 (Austin, Mar. 23, 2000). *But see Harris v. State*, No. 01-07-00391-CR, 2009 Tex. App. LEXIS 2756 (Tex. App.–Houston [1st Dist.], April 22, 2009, no pet. h.)(en banc)(unanimity is required by the Code of Criminal Procedure and *Boyett*, *overruling Mitchel* and its progeny).

### Appellant's Arguments

Appellant argues that the sequencing instruction requires unanimity because an acquittal is a verdict that requires unanimity. Appellant contends that, "[u]nder our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases." *Ngo*, 175 S.W.3d at 745. Article 37.07 of the Code of Criminal Procedure provides that "[i]f the jury fails to agree on the issue of guilt or innocence, the judge shall declare a mistrial

and discharge the jury, and jeopardy does not attach in the case." TEX. CODE CRIM. PROC. art. 37.07, § 2(a). Thus, appellant argues, unanimity is required both for conviction and acquittal.

He also asserts that, after the instruction telling the jury to "acquit" appellant if it had a reasonable doubt that he was guilty of capital murder, the jury was then faced with the instruction on "benefit of the doubt." This instruction has long been recognized in Texas law. *McCall v. State*, 14 Tex. Ct. App. 353 (1883), held that "[w]here an offense consists of different degrees, a charge giving the defendant the benefit of a reasonable doubt between the degrees would be proper, and it would be error ordinarily in such case to refuse such a charge when requested." *Id.* at 363. *Accord*, *Sparks v. State*, 300 S.W. 938, 939 (Tex. Crim. App. 1927); *Bussell v. State*, 265 S.W. 164, 172 (Tex. Crim. App. 1924); *Richardson v. State*, 239 S.W. 218, 326-27 (Tex. Crim. App. 1922). Appellant contends that it is clear that the instruction on benefit of the doubt and the view that the sequencing instruction requires unanimity before a jury could consider lesser-included offenses are mutually exclusive. If a defendant is convicted of the greater offense, the inquiry ends. However, if a defendant is acquitted under the sequencing instruction, then there is nothing to compare the lesser-included offense to when subsequently considering the instruction on benefit of the doubt. The disposition of the greater offense has by that time already been decided upon by the jury, and the instruction on benefit of the doubt thus becomes superfluous.

**Analysis**

Appellant's conclusion arises from a narrow interpretation of the charge. Unanimous verdicts are the final decisions of a jury, delivered to the court after its deliberations are complete. TEX. CODE CRIM. PROC. art. 37.01 (A "verdict" is a written declaration by a jury of its decision of

the issue submitted to it in the case); TEX. CODE CRIM. PROC. art. 37.04.[2]  Juries make many decisions while in the jury room, most of which are not announced to the court.  In making decisions such as the method of discussion, speaking order, and the like, the jury is left to its own devices.  So, too, is the order in which the parts of the jury charge are considered left to the discretion of the jury.

"The purpose of the law is to allow free discussion and interchange of opinions among jurors in order that proper verdicts may be rendered." *Caesar v. State*, 117 S.W.2d 66, 68 (Tex. Crim. App. 1938).[3]  They may consider the evidence "in light of the entire charge read as a whole." *Boyett*, 692 S.W.2d at 516.  The trial judge reads the entire charge to the jury before it retires to deliberate;  the jurors will thereby have heard the instruction on the benefit of the doubt before considering the issue of guilt on any of the offenses included in the charge.  Therefore, even if, and perhaps especially if, the jurors cannot agree as to guilt on the greater offense, they  have already been instructed that they may consider guilt as to the lesser offense before deciding on a verdict as to the greater offense.

---

[2]  "When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk.  If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court."

[3] As this Court stated in *Jack v. State*,

"[I]t would be a dangerous and exceedingly pernicious practice for the courts to permit the sanctity of the jury room to be invaded, and jurors to be interrogated as to the arguments used in their deliberations, and the influence of such arguments upon their minds, and the reasons and considerations upon which their verdicts were based.  There might arise, perhaps, an extreme case in which such a practice would be tolerated to prevent flagrant wrong and injustice, but this court would not be willing to sanction the procedure unless it should manifestly appear that the ends of justice imperatively demanded it.  If it were permitted to attack and set aside a verdict because of arguments and reasons advanced and urged by jurors in their deliberations thereon, it would destroy free discussion and interchange of opinions among jurors.  It would open the door to a searching inquiry in relation to every act and word which transpired in the jury room, and would subject each individual juror to be placed upon trial before the court to answer for the soundness and propriety of the opinions expressed by him in the jury room.
There is no warrant in the law for such a practice."

*Jack v. State*, 20 Tex. Ct. App. 656, 661 (1886).

While the instruction has a long history in Texas case law, its use of "acquit" as it is understood in relation to delivery of a verdict is at odds with the context of the instruction, which is intended to be considered in relation to jury deliberations. The inartful use of "will acquit," when the intended meaning seems to be "have a reasonable doubt of or cannot agree on guilt," could perhaps confuse a jury, although there is no indication that it did so in this case: the jury found appellant guilty of the greater offense. It may be that a better practice is for trial courts to include an instruction that explicitly informs the jury that it may read the charge as a whole, and to substitute "or if you are unable to agree, you will next consider" for "you will acquit . . . and next consider" so that the charge makes clear to the jury that, at its discretion, it may consider the lesser-included offenses before making a final decision as to the greater offense.

### Conclusion

We hold that the charge allowed the jury to consider the entire charge as a whole and that the complained-of instruction does not require the jury to unanimously agree that a defendant is not guilty of the greater offense before considering a lesser-included offense. Finding no error in the jury charge, we do not consider whether appellant was harmed.

We overrule appellant's sole point of error and affirm the judgment of the court of appeals.

Delivered: April 29, 2009
Publish