Opinion issued February 4, 2010











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00482-CR






GIOVANNI DANIEL ST-CYR, SR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1172431






MEMORANDUM OPINION


 Appellant, Giovanni Daniel St-Cyr, Sr., was charged by indictment with the
offense of aggravated sexual assault of a child younger than 17 years of age,
enhanced by a prior felony conviction for injury to a child. (1) Appellant pleaded not
guilty to the primary offense, but pleaded "true" to the enhancement. A jury
convicted appellant as charged, found the enhancement true, and assessed punishment
at 90 years' confinement and a $10,000 fine.

 In one point of error, appellant contends that the trial court erred by instructing
the jury that it must unanimously agree to acquit him of the offense of aggravated
sexual assault before considering his guilt on the lesser offense of sexual assault. 

 We affirm.

Background

 In late 2006, the complainant, V.V., was having trouble at home, and she met
appellant through a neighbor. At the time, V.V. was 15 years old and appellant was
30. According to V.V., she became appellant's girlfriend in December 2006. V.V.
testified that she had initially told appellant that she was 17 years old, but that after
she started "staying with him," she admitted to him that she was 15. Shortly
thereafter, V.V. moved in with appellant and, according to V.V., appellant engaged
in sexual intercourse with her on a daily basis. 

 In June or July 2007, V.V. returned home to live with her mother. 

 On August 19, 2007, V.V. turned 16 years of age. The next day, she moved
back in with appellant, and he resumed their sexual relationship. V.V. testified that
she was addicted to crack cocaine that appellant supplied to her. V.V. also testified
that appellant forced her to engage in sexual intercourse with him and with other
people, and that he threatened her and beat her physically if she refused. V.V. said
that appellant physically attacked her anytime she attempted to leave his house and
the she was often times forced to stay in his closet. V.V. testified concerning specific
instances in which appellant had either pushed, choked, or hit her, and she testified
that she was in fear for her life. According to V.V., appellant threatened to kill her
if she told anyone about their relationship. V.V. escaped from appellant's house in
June 2008 and reported him to the police.

 The indictment alleged that appellant,

 on or about August 27, 2007, did then and there unlawfully,
intentionally and knowingly cause the penetration of the female sexual
organ of [V.V.], hereinafter called the Complainant, a person younger
than seventeen years of age and not his spouse by placing his sexual
organ in the female sexual organ of the Complainant, and by acts and
words [appellant] placed [V.V.] in fear that death, serious bodily injury
and kidnapping would be imminently inflicted on [V.V.].


(Emphasis omitted.) Police photographs of scratches, burns, and bruising on V.V.'s
body were admitted into evidence. V.V. testified that the injuries were caused by
appellant. The jury found appellant guilty as charged in the indictment.




Jury Instruction

 Appellant contends that the trial court erred by instructing the jury that it must
unanimously agree to acquit appellant of the offense of aggravated sexual assault
before considering his guilt on the lesser offense of sexual assault. 

 A claim that there was error in the jury charge is reviewed using the procedure
set out in Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Barrios
v. State, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). First, we determine whether
there is error in the charge. Id. If there is error and the appellant objected to the error
at trial, "reversal is required if the error 'is calculated to injure the rights of the
defendant,' which we have defined to mean that there is 'some harm.'"  Id. (quoting
Almanza, 686 S.W.2d at 171). If not objected to, the error must be "fundamental" and
it requires reversal "only if it was so egregious and created such harm that the
defendant has not had a fair and impartial trial." Id. 

 Here, the jury charge reflects that, after the definition and application
paragraphs concerning the offense of aggravated sexual assault, the jury was
instructed as follows:

 Unless you so find from the evidence beyond a reasonable doubt, or if
you have a reasonable doubt thereof, you will acquit the defendant of
aggravated sexual assault and next consider whether the defendant is
guilty of the lesser offense of sexual assault.


Appellant did not object to the jury charge at trial.

 On appeal, appellant complains that the "instruction erroneously advised the
jury that, before considering the lesser included offense of sexual assault, they would
first have to 'acquit[,]' i.e., find appellant not guilty of the offense of aggravated
sexual assault." Appellant contends that the use of the term "acquit" required the jury
to unanimously find appellant not guilty of the greater offense before it could
consider the lesser offense. Appellant asserts that "[t]he harm of such error was
egregious because it prevented the jury from considering the lesser included offense
of sexual assault which has a punishment range of 2 to 20 years in prison versus
aggravated sexual assault's first degree felony punishment range of 5 to 99 years or
life." 

 In Barrios, the court of criminal appeals considered the same contention as
appellant advances in this case, concerning a paragraph in the charge that was
virtually identical to that presented in this case. See Barrios, 283 S.W.3d at 349-50. 

 In Barrios, the jury was instructed,

 Unless you so find from the evidence beyond a reasonable doubt, or if
you have a reasonable doubt thereof, you will acquit the defendant of
capital murder and next consider whether the defendant is guilty of
robbery.


Id. at 349. The charge next instructed the jury on the elements of robbery and
directed it to "acquit the defendant of robbery" unless it found from the evidence
"beyond a reasonable doubt" that the defendant was guilty of robbery. Id. at 350.

 On appeal to this court, the appellant argued that the trial court erred by
instructing the jury that it must unanimously agree that he was not guilty of capital
murder before it could consider the lesser-included offense of robbery. Id. We
overruled his point of error, concluding that the instruction did not require the jury
to unanimously agree on acquittal. Id. (citing Barrios v. State, No. 01-07-00099-CR,
2008 WL 1747738, at *1 (Tex. App.--Houston [1st Dist.] Apr. 17, 2008) (mem. op.,
not designated for publication). We concluded, rather, that the instruction allowed
the jury to consider the charge as a whole and that it could consider the
lesser-included offense before making a decision on the charged offense. Id. (citing
Barrios, 2008 WL 1747738, at *2).

 In affirming our decision, the court of criminal appeals held that "the charge
allowed the jury to consider the entire charge as a whole and that the complained-of
instruction does not require the jury to unanimously agree that a defendant is not
guilty of the greater offense before considering a lesser-included offense." Id. at
353. The court held that there was no error in the charge on this basis. Id.

 Here, although appellant acknowledges that the opinion of the court of criminal
appeals in Barrios constitutes binding precedent, he disagrees with its rationale, as
follows:

 With all due respect to the Texas Court of Criminal Appeals, . . . a jury
instruction that requires an acquittal of aggravated sexual assault as a
condition precedent to consideration of whether appellant was guilty of
the lesser offense of sexual assault clearly required the jury to
unanimously agree that the appellant was not guilty of the greater
offense before considering the lesser-included offense.

 We conclude that the instruction in this case is substantively identical to that
presented in Barrios and that appellant raises the same contention as was addressed 
and overruled by the court of criminal appeals in Barrios. See Barrios, 283 S.W.3d
at 349-50. We are not at liberty to ignore controlling authority. See Zarychta v.
State, 44 S.W.3d 155, 162 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). 

 Applying Barrios, we conclude that the charge presented allowed the jury to
consider the entire charge as a whole and that the complained-of instruction did not
require the jury to unanimously agree that appellant was not guilty of the greater
offense before considering the lesser offense. See Barrios, 283 S.W.3d at 352-53. 
We hold that there was no error in the charge on this basis.

 Accordingly, we overrule appellant's point of error.

Conclusion

 We affirm the trial court's judgment. 

 

 

 Laura Carter Higley

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).
1. §