**Affirmed and Opinion Filed June 28, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01431-CR**

**CARL LESTER TENNISON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F10-72786-Y**

## OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice FitzGerald

A jury convicted appellant of aggravated assault and assessed punishment at seventeen years' imprisonment. In a single issue on appeal, appellant asserts he was egregiously harmed by the trial court's erroneous instruction on the lesser-included offense of assault. Concluding appellant's argument is without merit, we affirm the trial court's judgment.

## BACKGROUND

Gabrielle Gaines had an intimate relationship with appellant. On August 29, 2010, Gaines, appellant, and others were at Gaines's home when appellant left to check on his grandparents. Because he was gone for a long time, Gaines and the others left for another location. When they returned, Gaines called appellant to see how he was doing. Appellant sounded upset, so Gaines agreed to meet him around the corner to talk.

Appellant and his dog met Gaines at the corner. Appellant was loud, cussing, and called Gaines names. Appellant's dog kept nipping and biting at Gaines's leg. Gaines told appellant she would mace the dog if it did not stop biting her. Appellant did nothing, so Gaines shook the mace and prepared to spray the dog. Appellant knocked the can out of her hand and pushed Gaines to the ground. Gaines tried to get up, but appellant knocked her back down. Gaines testified that her nose bled and she was dazed. The second time she tried to get up, appellant punched her in the face. She stumbled and was getting back up when she saw a large object like a brick coming toward her face. Appellant hit her hard, and Gaines felt "a lot of blood coming out everywhere" and blacked out a couple of times.

During the charge conference, the trial judge asked appellant's trial counsel if he wanted the "lesser-included-offense of assault" placed in the charge. Counsel responded affirmatively, so the jury was instructed on both aggravated assault and assault. Trial counsel did not object to the charge, and the jury convicted appellant of aggravated assault as charged in the indictment. Appellant was sentenced to seventeen years' imprisonment and this appeal followed.

## ANALYSIS

Appellant argues he suffered egregious harm because the trial court's instruction on the lesser included offense of assault was erroneous. The State responds that the verdict nullified any alleged error and harm in the lesser-included-offense part of the charge. We agree with the State.

In analyzing a jury-charge issue, we must first determine whether error exists. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). If error exists, we must determine whether the error caused sufficient harm to warrant reversal. *Ngo*, 175 S.W.3d at 743–44. When, as in this case, the error was not objected to, the error must be "fundamental" and requires reversal "only if it was so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *Barrios*, 283

S.W.3d at 350 (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)).

In the present case, the complained-of portion of the charge instructed the jury as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 29th day of August, 2010, in Dallas County, Texas, the defendant . . . did unlawfully, knowingly or recklessly cause bodily injury to . . . complainant, by striking complainant with a brick or a hand, but that the defendant did not use or exhibit a deadly weapon, to-wit: a brick or a hand, then you will find the defendant guilty of the lesser included offense of assault as included in the indictment.

Appellant complains this portion of the charge was "so confusing and misleading that the jury was prevented from properly considering the lesser-included offense of assault." According to appellant, the charge is erroneous because it does not tell the jury to "first make a determination that a brick or a hand constitutes a deadly weapon under the circumstances of the case." Assuming without deciding that this instruction was erroneous, we cannot conclude appellant suffered egregious harm.

It is well established that where error occurs in the jury instruction for a lesser included offense and the jury finds the defendant guilty of a greater offense, the verdict nullifies any possible harm from the defective instruction on the lesser offense. *Saunders v. State*, 913 S.W.2d 564, 569 (Tex. Crim. App. 1995); *Feehan v. State*, No. 05-11-00035-CR, 2012 WL 1344728, at *4 (Tex. App.—Dallas April 12, 2012, no pet.) (mem. op. not designated for publication). As the Texas Court of Criminal Appeals has observed, when the jury finds the defendant guilty of a greater offense, any "errors in the charge on the lesser-included offense . . . could not have so misled the jury as to constitute fundamental error." *Clark v. State*, 717 S.W.2d 910, 918 (Tex. Crim. App. 1986).

Here, the alleged error was in the instruction on the lesser included offense of assault. When the jury convicted appellant of the greater offense of aggravated assault, the verdict

nullified any harm in the lesser included offense portion of the charge. Consequently, appellant was not egregiously harmed. Appellant's sole issue is resolved against him. The judgment of the trial court is affirmed.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
111431F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARL LESTER TENNISON

No. 05-11-01431-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-72786-Y.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 28, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE