**Hayward George SLATER, Jr., Appellant**

v.

**The STATE of Texas.**

**No. PD–0853–13.**

Court of Criminal Appeals of Texas.

Sept. 25, 2013.

David A. Pearson, Attorney at Law, Fort Worth, TX, for Appellant.

Joe Shannon, Jr., District Attorney Tarrant County, Fort Worth, TX, Lisa C. McMinn, State's Attorney, Austin, TX, for the State.

Appellant was charged with capital murder. During voir dire, the State told the jury that it "has to find the Defendant not guilty of the greater offense or have a reasonable doubt and resolve that doubt in favor of the lesser offense before it can consider the lesser offense." Appellant objected that this was a misstatement of the law and that "The jurors are called upon to consider the charge as a whole in every aspect of conduct that the Judge submits for their consideration, they must take in consideration. They don't have to acquit somebody of anything. They have to—under *Barrios,* they have to take in consideration all the conduct submitted." [1] The trial court overruled his objection. The jury found Appellant guilty of capital murder and he was sentenced to life in prison. Appellant appealed, arguing that the trial court erred in overruling his objection. The court of appeals affirmed the trial court's judgment and Appellant filed a Petition for Discretionary Review arguing

---

1. *See Barrios v. State,* 283 S.W.3d 348 (Tex.    Crim.App.2009).

that "The Court of Appeals disregarded *Barrios v. State* and has improperly allowed the State to specifically misstate the law that the jury must acquit of the greater offense before it could consider any lesser included offenses."

I think we should have granted and considered the merits of Appellant's Petition for Discretionary Review for several reasons. First, the prosecutor's statements during voir dire were a misstatement of the law. Second, the prosecutor should not be commenting about the jury charge during voir dire when he could not possibly know what the charge is going to include until both sides have presented their cases and the parties have held a jury-charge conference with the trial judge. The evidence raised at trial may not have even revealed the possibility of any lesser-included offenses being included in the jury instructions. Third, the prosecutor's statements may have forced the defense to voir dire the jury on issues that may not be relevant to the case or to make statements about the case that he did not want to reveal at that particular time. In order to respond to the voir dire statements by the prosecutor, the defense could have had to reveal privileged or prejudicial information. Finally, the court of appeals did not adequately consider the issue of the prosecutor's statements during voir dire, instead focusing on the language that was later included in the jury charge. *Slater v. State*, No. 02–11–00368–CR, 2013 WL 2631194 at *3–4, 2013 Tex.App. LEXIS 7343 at *10–13 (Tex.App.–Fort Worth, June 13, 2013) (mem. op., not designated for publication). The judge allowing the prosecutor to voir dire the jury regarding lesser-included offenses at this point in the trial is a significant situation that warrants our consideration. Therefore, I respectfully dissent to the Court's refusal of Appellant's PDR.

MEYERS, J., filed a statement dissenting to the refusal of Appellant's PDR.