ACCEPTED
04-15-00204-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/28/2015 4:56:05 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00204-CR

## IN THE FOURTH COURT OF APPEALS

## SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/28/15 4:56:05 PM
KEITH E. HOTTLE
Clerk

**ROBERT RODRIGUEZ,**

**Appellant**

**VS.**

**THE STATE OF TEXAS,**

**Appellee**

## APPELLANT'S BRIEF

**ORAL ARGUMENT
NOT REQUESTED**

**SUSAN SCHOON**
Schoon Law Firm, P.C.
200 N. Seguin Avenue
New Braunfels, Texas 78130
PH:   (830) 627-0044
FAX: (830) 620-5657
State Bar No. 24046803
susan@schoonlawfirm.com
Attorney for Appellant

# IDENTITY OF PARTIES AND COUNSEL

*Appellant:*                                    Robert Rodriguez

*Attorney for Appellant:*               Susan Schoon
*(on appeal)*

*Attorney for Appellant:*               Richard Tim Molina
*(at trial)*

*Attorneys for State:*                     Keith Henneke, Assistant District Attorney
                                                     Jacqueline Phillips, Assistant District
                                                     Attorney

*Trial Court:*                                 Honorable Michael McCormick
                                                     Visiting Judge
                                                     274th Judicial District

# TABLE OF CONTENTS

IDENTITY OF PARTIES...................................................................i

INDEX OF AUTHORITIES.............................................................iii

STATEMENT OF THE CASE...........................................................1

ISSUE PRESENTED.........................................................................2

STATEMENT OF FACTS..................................................................3

SUMMARY OF ARGUMENT...........................................................5

ARGUMENT AND AUTHORITIES:

I.     The Trial Court Erred in Denying Appellant's
Requested Instruction on Mistake of Fact............................................6
     A.    The Court's Charge...........................................................9
     B.    Denial of the Requested Instruction
             on Mistake Of Fact Was Error.........................................7
     C.    Harm.................................................................................9

PRAYER.........................................................................................13

CERTIFICATE OF COMPLIANCE...................................................14

CERTIFICATE OF SERVICE..........................................................14

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGES**

*Almanza v. State,*
686 S.W.3d 157 (Tex.Crim.App. 1985)...............................................9

*Arline v. State,*
721 S.W.2d 348 (Tex. Crim. App. 1986)...............................................9, 10

*Barrios v. State,*
283 S.W.3d 348 (Tex. Crim. App. 2009)...............................................9

*Barron v. State,*
353 S.W.3d 879 (Tex. Crim. App. 2011)...............................................9

*Louis v. State,*
393 S.W.3d 246 (Tex. Crim. App. 2012)...............................7, 8, 9, 10, 13

*Muniz v. State,*
851 S.W.2d 238 (Tex. Crim. App. 1993)...............................................7

*Ngo v. State,*
175 S.W.3d 738 (Tex. Crim. App. 2005)...............................................7

*Thompson v. State,*
236 S.W.3d 787 (Tex.Crim.App. 2007)...............................................6, 7, 9

**STATUTES AND RULES**

TEX.PENAL CODE Art. 8.02...............................................*passim*
TEX.PENAL CODE Art. 6.04...............................................8

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW ROBERT RODRIGUEZ, Appellant in this cause, by and through his attorney of record, Susan Schoon, and pursuant to the provisions of Tex.R.App.Pro. 38, et seq., files this brief on appeal.

## STATEMENT OF THE CASE

Robert Rodriguez, Appellant was indicted in Cause Number 13-0797-CR-A for aggravated assault/serious bodily injury (Count I) and aggravated robbery (Count II). (CR 3) Immediately prior to trial, the State abandoned Count I and elected to proceed to trial on the aggravated robbery alone (RR, Vol. 2, p. 6)

The jury acquitted Appellant of aggravated robbery, but found him guilty of the lesser-included offense of aggravated assault/serious bodily injury. (CR 79) The jury sentenced Appellant to twelve years imprisonment, and a $10,000 fine. (CR 79) Notice of Appeal and a Motion for New Trial were filed on March 16, 2015. (CR 75-76) The clerk's record was filed on May 15, 2015 and the reporter's record was filed on June 22, 2015.

1

# ISSUES PRESENTED

**I.**     **The trial court erred in denying Appellant's requested instruction on Mistake of Fact.**

## STATEMENT OF FACTS

On March 3, 2013 at approximately 1:00 A.M., Omar Avila, a D.J. was packing up and leaving his job at Club Azul, a bar in Seguin, Texas. (RR, Vol. 3, p. 15) As he was getting into his car, he was approached by two men who asked him for a ride. (RR, Vol. 3, p. 16) He refused and quickly got into his car, locking the doors. As he was leaving the parking lot, the two men pounded on the windows of his car, and he took off quickly to get away from them. (RR, Vol. 3, p. 18)

Minutes later, as the bar was closing, Maricella Plaud-Acosta and her husband Francisco Plaud-Acosta were leaving the bar and were accosted by the same two men. (RR, Vol. 3, p. 124-25) The men demanded a ride, and both Maricella and Francisco refused. *Id.* Maricella got into the driver's side of the car, and Francisco walked to the passenger side. As Francisco was attempting to get into the car, one of the men, Anthony Rodriguez, Appellant's brother, grabbed Francisco by a chain he was wearing around his neck. (RR, Vol. 3, pp. 125-26) He pulled him out of the car and the men began to struggle. At some point, Appellant approached from behind and became involved in the altercation. (RR, Vol. 3, p. 127, 140, 200) During the struggle, Francisco sustained a fractured tibia plateau, which is the bottom part of the knee. (RR, Vol. 3, p. 166) Meanwhile, Maricella had run back to the bar and pounded on the door. When the employees of the bar

3

emerged, Anthony Rodriguez and Appellant began walking away. (RR, Vol. 3, p. 128, 199) The police were called and subsequently found the men hiding behind a nearby convenience store. (RR, Vol. 3, p. 58, 77-78) The men were returned to the scene, identified by the witnesses and thereafter arrested. (RR, Vol. 3, p. 59, 201)

## SUMMARY OF ARGUMENT

Robert Rodriguez, Appellant in this cause, complains on appeal that that trial court erred in denying his requested jury instruction on the defense of mistake of fact as contained in Texas Penal Code §8.02. Because Appellant's request was denied, he was effectively prevented from presenting his only viable defense to the charge of aggravated assault, and was therefore harmed.

## ARGUMENT AND AUTHORITIES

**I.     The Trial Court Erred In Denying Appellant's Requested Instruction On Mistake Of Fact.**

**A.     The Court's Charge**

Over Appellant's objection, the trial court instructed the jury on the law of "transferred intent." (RR, Vol. 4, p. 9)  The instruction was as follows:

> The State's accusation is that the defendant intentionally or knowingly caused serious bodily injury to Francisco Plaud-Acosta.
>
> "Transferred intent" means a person is criminally responsible for causing a result if the only difference between what actually occurred and what the person desired, contemplated or risked is, one, a different offense was committed; or, two, a different person or property was injured, harmed, or otherwise affected.
>
> This means that a person is criminally responsible for causing serious bodily injury to a person although the person did not intend or contemplate that the bodily injury be "serious" as long as the person intended or had knowledge that his conduct would cause any bodily injury to the person.
>
> (CR 55)

After the court overruled his objection to this language, and citing *Thompson v. State*, 236 S.W.3d 787 (Tex.Crim.App. 2007), Appellant then requested a charge on mistake-of-fact.  The trial court denied his request. (RR, Vol. 4, p. 10-11)

**B.    Denial of the Requested Instruction on Mistake of Fact Was Error**

In reviewing a jury charge, the court must first determine if error occurred. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, the court then determines whether sufficient harm resulted from the error to require reversal. *See Ngo*, 175 S.W.3d at 743.

A defendant is entitled to a defensive instruction if the issue is raised by the evidence, whether the particular evidence is "strong, weak, unimpeached, contradicted, or unbelievable." *Louis v. State*, 393 S.W.3d 246, 271 (Tex. Crim. App. 2012), citing *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). The mistake-of-fact defense found in Texas Penal Code §8.02 states, "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense."

When Appellant requested the defensive instruction of mistake-of-fact, he directed the trial court to the Court of Criminal Appeals holding in *Thompson v. State*, 236 S.W.3d 787 (Tex.Crim.App. 2007). In *Thompson*, the defendant had seriously injured a child by beating him with a tree branch, purportedly as a form of discipline for

7

behavior in a bible study class. *Id.* at 90. The court charged the jury on the law of "transferred intent," as contained in Texas Penal Code §6.04 (b)(1), thereby authorizing the jury to find the defendant guilty of the first degree, rather than third degree offense of injury to a child, "if he merely intended to cause *bodily injury*, so long as he actually caused *serious bodily injury*." *Id.* at 790 (emphasis in original). On appeal, Thompson argued that it was improper to elevate the third degree offense in this manner. The Court held that §6.04(b)(1) allows for the transfer of a culpable mental state between offenses contained in the same statute and also between greater and lesser offenses. *Id.* at 800. Important to the instant appeal, the Court further held:

> Where 6.04(b)(1) permits the transfer of a culpable mental state, mistake of fact may be raised as a defense. The mistake must be reasonable for it to constitute a circumstance that exculpates the defendant of the offense charged, and of course, the defendant would still be guilty of any lesser included offense that would be applicable if the facts were as the defendant believed. *Id.*

In *Louis v. State*, a similar case involving transferred intent, the Court agreed with the court of appeals that it was error to deny Appellant's requested mistake-of-fact instruction. *Louis*, 393 S.W.3d at 254. "The transferred intent doctrine could be used to transfer intent from the bodily injury offense to the serious bodily injury offense, but

8

the mistake-of-fact defense would prevent such a transfer if the defendant had a reasonable, but mistaken belief that he was inflicting only bodily injury." *Id.* at 253.

In the instant case, as with *Thompson* and *Louis*, the transferred intent doctrine was used to transfer the intent from the bodily injury offense (assault) to the serious bodily injury offense (aggravated assault). The inclusion of a transferred intent instruction entitled Appellant to urge the mistake-of-fact defense—that he had a reasonable, but mistaken belief that he was only inflicting bodily injury.

There was evidence in the record sufficient to support the submission of this defense, as detailed below.

## C.    HARM

Because Appellant objected to the omission of the mistake of fact defense in the court's charge, error was preserved. *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). Therefore, Appellant is entitled to a new trial if the error is not harmless, but "calculated to injure the rights of the defendant." *Id.* (quoting *Almanza v. State*, 686 S.W.3d 157, 171 (Tex.Crim.App. 1985); *Barron v. State*, 353 S.W.3d 879, 883 (Tex. Crim. App. 2011)(quoting *Arline v. State*,

9

721 S.W.2d 348, 351 (Tex. Crim. App. 1986) ("[T]he presence of any harm, regardless of degree, which results from preserved charging error, is sufficient to require a reversal of the conviction.")).

In reviewing for harm, the appellate court considers all of the evidence, the entire jury charge, and the parties' arguments. *Louis*, 393 S.W.3d at 271, 272.

In applying the "some harm" standard in *Louis v. State*, the Court of Criminal Appeals explained that "failure to instruct the jury on the defense of mistake of fact was an impediment to [Louis's] ability to present his defense that he did not have the requisite mens rea to be found guilty and to argue that defense to the jury." Further, the "[l]ack of the requested instruction effectively prevented [Louis] from presenting his defense. . . ." *Id.* at 271-73.

In the case at bar, appellant's intent regarding the injury inflicted was not even contested—both sides agreed that Appellant intended to cause bodily injury, not serious bodily injury. Therefore the state relied on the transfer of that intent to prove its case, as argued by the prosecutor during closing:

> [Appellant's lawyer] talked to you about transferred intent. I guess he doesn't like the law because it's so bad for his client. It's bad for his client because his client *intended to cause Mr. Plaud-Acosta injury and ended up*

10

*causing him serious bodily injury* and he's responsible for that. When we talked about this in voir dire, if a purse snatcher causes someone to fall to the ground and they get paralyzed by hitting their neck on a curb, they're responsible for serious bodily injury. People are responsible for their actions. Robert Rodriguez is responsible for his actions that night.

(RR, Vol. 4, p. 55)

The state's theory of the case was that Appellant and his brother, Anthony were attempting to steal the victim's car when the assault occurred. The evidence was clear that Appellant's brother started the altercation with Mr. Plaud-Acosta, and that Appellant joined in the fight to help his brother. The defense argued that there was insufficient evidence of the attempted theft of the car, and that the altercation was essentially a "bar fight," that began when Mr. Plaud-Acosta refused to give the men, who were extremely intoxicated, a ride home from the bar. (RR, Vol. 4, pp. 38-39, 46) The defense essentially conceded the assault, but contested whether the evidence was sufficient to prove serious bodily injury. Without the mistake of fact defense available to him, there was little more to argue.

The jury agreed that the evidence of attempted theft of the vehicle was insufficient, and found Appellant not guilty of the aggravated robbery. Between the lesser-included offenses of assault and aggravated assault, and with no mistake of fact defense available

11

to them, the verdict came down to whether or not the jury believed Appellant caused serious bodily injury, regardless of his intent.

During closing, Appellant's attorney argued:

> And all we ask though is that you limit your debate on aggravated robbery and that you see it for what it is. It's overcharged. It's been as a result of a snowball effect gone astray. It's charged as a first degree felony when really the debate should be whether or not this was an aggravated assault causing serious bodily injury, a bar fight type situation or a fight, as the doctor put it, in the parking lot that resulted in what you determine to be either a major or minor injury; or whether it was an assault.
>
> (RR, Vol. 4, pp. 49-50)

There was no evidence in the record to support Appellant having the intent to cause serious bodily injury—in fact, just the opposite. No weapons were used, and the injury was unusual for a "bar fight." The doctor who testified classified it as a "high impact injury," typically seen in car accidents, or falls from significant heights. (RR, Vol. 4, p. 172). He testified that it is also seen in football and rugby players, when "a very fast and athletic linebacker could hit your knee when it was planted." (RR, Vol. 4 p. 173-74).

Appellant was attempting to assist his brother in a fight, and certainly by hitting or kicking, or pushing the victim down, he intended to cause bodily injury, and it would not have been

unreasonable for him to be mistaken about the type of injury his actions would cause. However, because the trial court declined to instruct the jury on the defense of mistake of fact, Appellant was denied the ability to present his defense that he did not have the requisite mens rea to be found guilty and to argue that defense to the jury. Therefore, he was harmed by this error. *See Louis v. State*, 393 S.W.3d at 271-73).

## PRAYER

Appellant, Robert Rodriguez prays that this Court reverse his conviction and remand for a new trial.

Respectfully Submitted:

SUSAN SCHOON
Schoon Law Firm, P.C.
200 N. Seguin Avenue
New Braunfels, TX 78130
State Bar No. 24046803
PH: (830) 627-0044
FAX: (830) 620-5657
susan@schoonlawfirm.com
Attorney for Appellant

13

## CERTIFICATE OF COMPLIANCE

According to Microsoft Word's word count tool, this document contains 2312 words.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Brief was delivered to the District Attorney of Guadalupe County, Texas on this the 28th day of September, 2015 by fax to 830-303-2137.

_____
SUSAN SCHOON