**AFFIRM; and Opinion Filed November 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01282-CR

**ELIZABETH RAMSEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1253926-I**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Lang-Miers

After her 10-year-old stepson starved to death, a jury convicted appellant Elizabeth Ramsey of intentionally or knowingly by omission causing serious bodily injury to a child and assessed punishment at life in prison plus a $10,000 fine. On appeal appellant argues that the jury charge was fundamentally defective because it did not include certain language from section 22.04(d) of the Texas Penal Code explaining what constitutes "care, custody, or control." We resolve appellant's issue against her and affirm.

### BACKGROUND

Appellant was charged with causing serious bodily injury to a child by omission under section 22.04(a) of the penal code. *See* TEX. PENAL CODE ANN. § 22.04(a) (West Supp. 2014). More specifically, the State alleged that appellant intentionally and knowingly by omission

caused serious bodily injury to Johnathan Ramsey by failing to seek adequate medical attention for him and by failing to provide adequate nutrition for him.

At trial the State's evidence included appellant's voluntary written statement to police. According to appellant, "everything was fine" until about five months before Johnathan's death. At that time, Aaron Ramsey, appellant's husband and Johnathan's father, started restricting Johnathan's diet to bread and water to punish Johnathan for misbehaving. After "the first couple of times," appellant told Aaron that they needed to give Johnathan other food. Aaron disagreed. Appellant explained, "This continued for many months. . . . I would sneak to Johnathan's room to check on him and noticed he was thinner. At that point I should have called the police or CPS, but I didn't." Appellant started to make other food for Johnathan, but he "wouldn't eat much of any of it." In the months before Johnathan died, appellant remembers "seeing Johnathan as he starved and began to look like a child in those commercials of Africa." One morning appellant awoke to the sound of Aaron saying Johnathan's name. Johnathan was dead and Aaron said they needed to hide his body. They wrapped Johnathan's body in a sleeping bag, borrowed appellant's father's SUV, and drove to an "unincorporated area." Aaron threw Johnathan's body "into the brush" and it rolled into a ditch or culvert.

Appellant's defense theory was that she was guilty of recklessly by omission causing seriously bodily injury to Johnathan (a second-degree felony)—as opposed to intentionally or knowingly by omission causing seriously bodily injury to Johnathan (a first-degree felony). The jury charge included instructions on both offenses. The jury found appellant guilty of the greater offense of intentionally or knowingly by omission causing seriously bodily injury to Johnathan.

On appeal appellant complains that a critical definition was missing from the jury charge. More specifically, appellant argues that the jury charge was erroneous because it did not contain the following language from penal code section 22.04(d)[1]:

> For purposes of an omission that causes a condition described by Subsection (a)(1) [serious bodily injury] . . . the actor has assumed care, custody, or control if he has by act, words, or course of conduct acted so as to cause a reasonable person to conclude that he has accepted responsibility for protection, food, shelter, and medical care for a child[.]

TEX. PENAL CODE ANN. § 22.04(d). Appellant argues that the lack of this definition in the jury charge authorized the jury to find her guilty of intentional or knowing injury to a child by omission without requiring the jury to find that she assumed care, custody, or control of Johnathan.

**Applicable Law and Standard of Review**

When we review a claim of jury-charge error, we must first determine whether there was error in the charge. *See Druery v. State*, 225 S.W.3d 491, 504 (Tex. Crim. App. 2007). If there was, we must then determine whether the error caused sufficient harm to require reversal. *Id.* The degree of harm required depends on whether error was preserved. If the objection was raised below, reversal is required if the error "is calculated to injure the rights of the defendant," which has been defined to mean that there is "some harm." *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If the objection was not raised below, as in this case, the error must be "fundamental" and reversal is required only if the error was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006).

---

[1] In her brief appellant describes this language as the definition for the word "omission." Instead, it actually defines what constitutes "care, custody, or control."

**Analysis**

A trial court must give the jury a written charge that sets forth the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). A charge sets forth the law applicable to the case by tracking the language of the statute. *Casey v. State*, 215 S.W.3d 870, 887 (Tex. Crim. App. 2007).

Assuming, without deciding, that the jury charge was erroneous, the issue we must decide is whether the error caused appellant egregious harm. The purpose behind this analysis is to determine whether the error has actually—not just theoretically—harmed the accused. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). To gauge harm, we review (1) the entire jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information. *Id.* at 171.

The language from section 22.04(d) that appellant contends is missing from the jury charge relates to an actor's conduct:

> For purposes of an omission that causes a condition described by Subsection (a)(1) [serious bodily injury] . . . the actor has assumed care, custody, or control if he has by act, words, or course of conduct acted so as to cause a reasonable person to conclude that he has accepted responsibility for protection, food, shelter, and medical care for a child[.]

TEX. PENAL CODE ANN. § 22.04(d). But appellant's conduct was not a contested issue at trial. Instead, appellant elected to challenge only her mental state. During opening statements, for example, her counsel argued, "[Appellant] is guilty. She's guilty of recklessness. She's guilty because, as we talked about yesterday, she was aware of it and she ignored the substantial risk, an unjustifiable risk that something could happen." Appellant's counsel made a similar argument during closing. As a result, the language from section 22.04(d) was not material to appellant's defense.

–4–

In the jury charge the definition of the offense at issue in this case tracked the language of the statute (as modified by the indictment): "Our law provides that a person commits an offense if he intentionally or knowingly or recklessly, by omission, causes serious bodily injury to a child who is fourteen (14) years of age or younger." *See* TEX. PENAL CODE ANN. § 22.04(a). The definition of "omission" in the jury charge also tracked the language of the penal code: "'Omission' means failure to act." *See* TEX. PENAL CODE ANN. § 1.07(a)(34) (West 2011).

The State's evidence in this case was overwhelming and included appellant's written statement in which she confessed that she watched Johnathan starve and she should have called the police or CPS. In other words, it was essentially undisputed that appellant assumed care, custody, or control of Johnathan. Moreover, it is undisputed that Johnathan lived solely with appellant and Aaron in the months before he died, and the jury charge authorized the jury to convict appellant as either a principal or a party. As a result, the jury was not required to find that appellant herself assumed care, custody, or control of Johnathan in order to find her guilty (as a party to the offense) of intentional or knowing injury to a child by omission.

After considering the relevant factors, including the entire jury charge and the state of the evidence, we cannot conclude that the trial court's failure to instruct the jury pursuant to section 22.04(d) caused appellant egregious harm.

## CONCLUSION

We resolve appellant's sole issue against her and affirm the trial court's judgment.

/Elizabeth Lang-Miers/

Do Not Publish
TEX. R. APP. P. 47.2(b)

ELIZABETH LANG-MIERS
JUSTICE

141282F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELIZABETH RAMSEY, Appellant

No. 05-14-01282-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas

Trial Court Cause No. F-1253926-I.

Opinion delivered by Justice Lang-Miers.

Justices Brown and Schenck participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 4th day of November, 2015.