**Affirmed as Modified; Opinion Filed June 16, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00494-CR

### RONNIE DILLARD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MB12-63717-M**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Lang

Ronnie Dillard was charged by information with the offense of criminal trespass to which

he pled not guilty. He was convicted by a jury, and the trial court set punishment at ninety days

confinement in the Dallas County Jail, probated for six months. In his three issues, Dillard

argues (1) the trial court erred by not instructing the jury on an affirmative defense to criminal

trespass, (2) the evidence is insufficient to support a finding beyond a reasonable doubt that

Dillard committed the offense of criminal trespass, and (3) the judgment should be modified to

correctly reflect the names of the prosecutors in this case. We decide against Dillard on issues

one and two and in his favor on issue three. Accordingly, we conclude the judgment should be

modified to correctly reflect the names of the prosecutors. As modified, the trial court's

judgment is affirmed.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The testimony at trial shows that, pursuant to a one-year lease beginning in November 2011, Dillard operated a business selling chess-related products from a kiosk in the food court of the Southwest Park Mall. The mall was owned by Southwest Center Properties (SWCP).

Lisa Long was the General Manager of SWCP and supervised daily operations of the mall, including "keeping the property compliant, up to code" and supervising "over security, over operations, maintenance, . . . [and] day to-day routine things." Long testified she knew Dillard and that Dillard committed two violations during his lease term. The first violation was nonpayment of rent, and the second was his use of the premises to operate a separate airbrushing business.[1] Long testified the monetary default was cured by Dillard's subsequent rent payment, but the use violation was not cured.

Long testified she learned about Dillard's separate airbrushing business on September 17, 2012, from fliers Dillard passed out in the mall. Long then contacted Dillard by email "out of courtesy" and in person, requesting that Dillard rent an additional space to run the airbrushing business. At the direction of SWCP owners, Long also sent a written notice of default to Dillard on September 25, 2012, requesting that he cease operations of the airbrushing business. Long testified this latter notice both notified Dillard of the default and advised Dillard he had ten additional days to cure the default.[2] Because Dillard did not respond to the notices, Long stated Dillard was "locked out" of his kiosk at the mall "on the 10th day of the default."

On October 8 or 9, 2012,[3] Dillard went to Long's office and demanded that he be allowed to operate his business.[4] Long told him he would not be allowed to continue any of his

---

[1] Dillard testified that he began this business to sell airbrush "tattoos," believing it would generate more traffic for his store.

[2] The default notice relating to the airbrushing business does not appear in the record.

[3] Long testified the offense occurred on October 8, 2012. The information states the offense occurred on October 9, 2012, a date that was also corroborated by the testimony of a police officer called to the scene.

operations and asked him to leave. Long testified Dillard began to "verbally attack[]" her and her staff and described Dillard as "out of control." Her assistant called security.

Dallas Police Officer Quinn Huntley and a mall security officer responded.[5] Officer Huntley testified he observed Long and mall security staff ask Dillard to leave the premises and that Dillard appeared "pretty upset, pretty irate." After Dillard was given several opportunities to leave on his own, Officer Huntley arrested Dillard and gave him a "criminal trespass warning form."

Dillard testified he had indeed briefly operated an airbrushing business out of his kiosk, but said he ceased his airbrushing business the day he received the notice to cease operations from SWCP. However, Dillard admitted that he did not take the equipment off the property.

Two men who had played chess with Dillard at the mall testified on his behalf. They stated Dillard ceased his airbrushing venture within two or three weeks of opening that part of his business because SWCP had informed him he could not sell tattoos anymore.

Dillard testified he believed he had a right to be at the mall on the day of his arrest by virtue of his lease. He stated that, since a rent check had been cashed on October 4, 2012, he believed any "defect" in the lease "had been cured." Dillard also denied ever being asked to leave the mall property prior to the day he was arrested. Dillard further stated he believed his relationship with Long deteriorated because "she had a problem with" his chess club that advertised and held tournaments on mall property and because Long "didn't like" him.

---

[4] Long testified Dillard "came to [her] office about 1:00 o'clock demanding that we unlock his cart and let him continue operating." It is not clear from the record if Dillard had demanded to continue his chess business, his airbrushing business, or both.

[5] According to Long, the security guard "officed across the hall from [Long's] office, so he walked in. And then, of course, DPD heard the call and came immediately."

## II. ERROR IN FAILING TO CHARGE JURY ON AFFIRMATIVE DEFENSE

### A. Standard of Review

Potential jury charge error is reviewed according to the procedure given in *Almanza v. State*. 686 S.W.2d 167, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). The reviewing court must determine whether there is error in the charge. *Barrios*, 283 S.W.3d at 350. If there was error and the appellant objected to it at trial, "reversal is required if the error 'is calculated to injure the rights of the defendant.'" *Id.* (quoting *Almanza*, 686 S.W.2d at 171). If there is no objection, this harm must be "fundamental" and will require reversal "only if it was so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *Id.*

When examining the record for egregious harm, the reviewing court should consider "1) the entire jury charge, 2) the state of the evidence, including the contested issues and the weight of the probative evidence, 3) the final arguments of the parties, and 4) any other relevant information revealed by the record of the trial as a whole." *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.*

### B. Applicable Law

A person commits the offense of criminal trespass "if the person enters or remains on or in property of another . . . without effective consent and the person: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a) (West 2013). It is a defense to prosecution for this offense if the actor at the time of the offense was "a person who was: (A) employed by or acting as agent for an entity that had, or that the person reasonably believed had, effective consent or authorization provided by law to enter

the property; and (B) performing a duty within the scope of that employment or agency." TEX. PENAL CODE ANN. § 30.05(e)(3) (West 2013).

The trial judge is "ultimately responsible for the accuracy of the jury charge and accompanying instructions." *Vega v. State*, 394 S.W.3d 514, 518 (Tex. Crim. App. 2013) (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). The Code of Criminal Procedure requires the trial judge to "deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14. This duty requires the judge "to instruct the jury on law applicable to the case even if defense counsel fails to object to inclusions or exclusions in the charge." *Vega*, 394 S.W.3d at 519.

However, the trial judge has no duty "to instruct the jury *sua sponte* on unrequested defensive issues because an unrequested defensive issue is not the law 'applicable to the case.'" *Id.* (quoting *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)). "A defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint." *Id.*

### C. Application of the Law to the Facts

In his first issue, Dillard contends the trial court erred by not instructing the jury on the affirmative defense to criminal trespass provided for in Penal Code § 50.03 since "it was reasonable that [Dillard] felt he had effective consent" to be on the property by virtue of his lease. He further argues that, since he was an employee of his business and acting within the scope of his business on the day of the arrest, he was entitled to the affirmative defense on this ground as well. Dillard concedes he did not object to the jury charge, but argues that the trial court's failure to instruct the jury on this affirmative defense was "egregious and merits reversal."

The State responds that, though a trial court may be required to provide the jury with the applicable law of the case, the trial court is under "no duty to *sua sponte* instruct a jury on an unrequested defensive issue." Thus, the State argues there is no jury charge error, and *Almanza* does not apply.

The record reflects that Dillard's counsel stated he had "no objections" and "no requests" to the jury charge. The trial judge had no duty to instruct the jury *sua sponte* on the unrequested affirmative defense provided for in Penal Code § 30.05(e)(3) because this defensive issue is not the "law applicable to the case." *See Vega*, 394 S.W.3d at 519. Consequently, we decide against Dillard on his first issue.

## III. SUFFICIENCY OF THE EVIDENCE

In his second issue, Dillard contends the evidence is insufficient to support a finding beyond a reasonable doubt that he committed the offense of criminal trespass.

### A. Standard of Review and Applicable Law

When a defendant argues the evidence is legally insufficient to support his conviction, the reviewing court must consider all the evidence in the light most favorable to the verdict and "determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 20011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A reviewing court cannot "re-evaluate the weight and credibility of the record evidence" and "substitute [its] judgment for that of the fact-finder." *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (quoting *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999)).

## B. Application of the Law to the Facts

Dillard argues the evidence is insufficient to prove he committed the offense of criminal trespass. Specifically, he contends the State failed to prove the "elements" of "without effective consent" and "notice that entry was forbidden" pursuant to Penal Code § 30.05(a). As to the "element" of "without effective consent," Dillard contends he "had the effective consent of the ownership" to be on the mall property unless the lease had been terminated according to its terms. He further asserts the evidence did not establish beyond a reasonable doubt that his lease had been terminated or that he had been banned from the property. As to the "element" of "notice that entry was forbidden," Dillard argues the notice he received regarding the airbrushing business only required him to cease operations, not to vacate the property. He further asserts that, since Long did not testify as to whether Dillard was forbidden from the property or was aware of the lockout prior to the day of his arrest, the evidence was insufficient to show beyond a reasonable that Dillard received notice he was forbidden from the mall property.

The State responds, viewing the evidence from the record in the light most favorable to the guilty verdict, a reasonable juror could have found beyond a reasonable doubt that Dillard was guilty of criminal trespass. The State concedes the "jury heard conflicting testimony regarding whether [Dillard] was in default of his lease on the day of the offense," but argues this court "must presume that the jury resolved this conflict in favor of the prosecution and must defer to that determination." We agree.

In our review, we must give deference to the "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *See Williams*, 235 S.W.3d at 750. In this case, the jury heard testimony from Long that Dillard was in default because he had begun to operate an airbrushing business from his mall kiosk, as well as testimony from Dillard stating that he received a letter

–7–

from Long demanding he cease his airbrushing business. Though the jury heard conflicting testimony regarding whether Dillard had complied with Long's request to cease his airbrushing operations by the day of the offense, we must defer to the jury to fairly resolve these conflicts and weigh the evidence. *See id.* We decide against Dillard on his second issue.

## IV. MODIFYING THE JUDGMENT TO CORRECTLY REFLECT THE NAMES OF THE PROSECUTORS

In his third issue, Dillard argues the judgment should be modified to correctly reflect the names of the prosecutors in this case. The record reflects the prosecutors were Veronica Sanders and Drew Taylor. However, the judgment states that the prosecutor was Gaelle Lauriston. The State agrees with Dillard that the judgment should be modified to correctly reflect the names of the prosecutors.

This Court has the power to modify an incorrect judgment to make the record speak the truth where we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd); *see also Robinson v. State*, No. 05-12-00859-CR, 2013 WL 5969559, at *5 (Tex. App.—Dallas Nov. 7, 2013, pet. ref'd) (not designated for publication) (modifying judgment to correctly reflect names of trial prosecutors).

We decide in Dillard's favor on his third issue and modify the judgment to reflect that the prosecutors in Dillard's case were Veronica Sanders and Drew Taylor.

## V. CONCLUSION

We modify the judgment to correctly identify the prosecutors in Dillard's case and affirm

the judgment as modified.


/Douglas S. Lang/

Do Not Publish                          DOUGLAS S. LANG
TEX. R. APP. P. 47.2(b)                  JUSTICE

130494F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONNIE DILLARD, Appellant

No. 05-13-00494-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. MB12-63717-M.
Opinion delivered by Justice Lang.   Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

to reflect that the prosecutors in Dillard's case before the trial court were Veronica Sanders and Drew Taylor.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 16th day of June, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

–10–