PD-1642-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/14/2015 4:11:36 PM
Accepted 1/21/2015 11:55:56 AM
ABEL ACOSTA
CLERK

**PD-1642-14**

## IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF TEXAS

---

### CORDERO JARREAL STEVENSON
*Petitioner/Appellant*

**v.**

### THE STATE OF TEXAS
*Respondent/Appellee*

---

On Petition for Discretionary Review from the Fourteenth Court of Appeals
In Cause No. 14-13-00690-CR, affirming the conviction in
Cause No. 1299880 from the 179th District Court of Harris County, Texas

---

### PETITION FOR DISCRETIONARY REVIEW

---

ORAL ARGUMENT REQUESTED

FILED IN
COURT OF CRIMINAL APPEALS

January 21, 2015

ABEL ACOSTA, CLERK

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**FRANCES BOURLIOT**
Assistant Public Defender
Harris County, Texas
Texas Bar No. 24062419
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 437-4317
frances.bourliot@pdo.hctx.net

**Counsel for Petitioner**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                      Cordero Jarreal Stevenson
                                                TDCJ # 01873901
                                                Garza East Unit
                                                4304 Highway 202
                                                Beeville, Texas 78102


TRIAL PROSECUTORS:                              Rachel Palmer
                                                Assistant District Attorney
                                                Harris County, Texas
                                                1201 Franklin Avenue
                                                Houston, Texas 77002


DEFENSE COUNSEL AT TRIAL:                       Theodore Haynes, Jr.
                                                P.O. Box 300833
                                                Houston, Texas    77230-0833


PRESIDING JUDGE:                                Hon. Kristin Guiney
                                                179th District Court
                                                Harris County, Texas
                                                1201 Franklin Avenue, 18th floor
                                                Houston, Texas 77002


COUNSEL ON APPEAL FOR APPELLANT:                Frances Bourliot
                                                Assistant Public Defender
                                                Harris County, Texas
                                                1201 Franklin, 13th Floor
                                                Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL......................................................................... ii

TABLE OF CONTENTS........................................................................................... iii

INDEX OF AUTHORITIES.........................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT.............................................................1

STATEMENT OF THE CASE.....................................................................................1

STATEMENT OF PROCEDURAL HISTORY ..................................................................1

QUESTION FOR REVIEW .......................................................................................2

> NO RATIONAL JURY COULD HAVE FOUND BEYOND A REASONABLE DOUBT THAT MR. STEVENSON COMMITTED AN AGGRAVATED ROBBERY WITH A DEADLY WEAPON BASED ON THE ALIBI TESTIMONY COUPLED WITH THE WEAK AND TAINTED EVIDENCE PRESENTED. DID THE COURT OF APPEALS ERR WHEN IT CONCLUDED THAT THE EVIDENCE WAS LEGALLY SUFFICIENT?

REASON FOR GRANTING REVIEW............................................................................2

ARGUMENT..........................................................................................................2

PRAYER ..............................................................................................................6

CERTIFICATE OF SERVICE .....................................................................................7

CERTIFICATE OF COMPLIANCE ..............................................................................7

# INDEX OF AUTHORITIES

## Cases

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) ................................................. 4, 5

*Ervin v. State,* 331 S.W.3d 49 (Tex. App.-Houston [1st Dist] 2010, pet. refd). ....... 2, 4, 5

*Hooper v. State*, 214 SW.3d 9 (Tex. Crim. App. 2007) ......................................................... 2

*Isassi v. State,* 330 S.W.3d 633 (Tex. Crim. App. 2010) ....................................................... 2

*Jackson v. Virginia*, 443 U.S. 307 (1979) ........................................................................... 2, 4

*Stevenson v. State*, 14-13-00690-CR, 2014 WL 6085583 (Tex. App.—Houston [14th

Dist.] Nov. 13, 2014) ...................................................................................................... 1, 2

*Temple v. State*, 342 S.W.3d 572 (Tex. App.--Houston. [14th Dist.] 2010, no pet.) ..... 4, 6

*Wade v. State*, 951 S.W.2d 886 (Tex. App. – Waco, 1997, pet. ref'd) ................................. 5

*Winfrey v. State*, 393 S.W. 3d 763 (Tex. Crim. App. 2013) .................................................. 3

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument as it may aid the Court since the analysis of this case depends upon a detailed review of the record.

## STATEMENT OF THE CASE

This petition seeks review of a direct appeal brought after a conviction for aggravated robbery with a deadly weapon. (C.R. at 125). On July 23, 2013, Stevenson's case was called for a jury trial; he was arraigned and entered a plea of not guilty (3 R.R. at 22). On July 23, 2013, the jury found Stevenson guilty as charged in the indictment (3 R.R. at 120). The trial court assessed his punishment at thirty-three (33) years confinement in the Texas Department of Criminal Justice – Institutional Division (4 R.R. at 80).

## STATEMENT OF PROCEDURAL HISTORY

On November 13, 2014, in an unpublished memorandum opinion, the Fourteenth Court of Appeals affirmed Mr. Stevenson's conviction, overruling four points of error. *Stevenson v. State*, 14-13-00690-CR, 2014 WL 6085583 (Tex. App.—Houston [14th Dist.] Nov. 13, 2014). *See* Appendix. No motion for rehearing was filed.

1

## QUESTION FOR REVIEW

NO RATIONAL JURY COULD HAVE FOUND BEYOND A REASONABLE DOUBT THAT MR. STEVENSON COMMITTED AN AGGRAVATED ROBBERY WITH A DEADLY WEAPON BASED ON THE ALIBI TESTIMONY COUPLED WITH THE WEAK AND TAINTED EVIDENCE PRESENTED. DID THE COURT OF APPEALS ERR WHEN IT CONCLUDED THAT THE EVIDENCE WAS LEGALLY SUFFICIENT?

## REASON FOR GRANTING REVIEW

The opinion of the Fourteenth Court of Appeals conflicts with decisions by this Court and the Supreme Court of the United States in that its determination that the evidence is legally sufficient conflicts with *Jackson v. Virginia*, 443 U.S. 307 (1979) and *Hooper v. State*, 214 SW.3d 9 (Tex. Crim. App. 2007).

## ARGUMENT

**NO RATIONAL JURY COULD HAVE FOUND BEYOND A REASONABLE DOUBT THAT MR. STEVENSON COMMITTED AN AGGRAVATED ROBBERY WITH A DEADLY WEAPON BASED ON THE ALIBI TESTIMONY COUPLED WITH THE WEAK AND TAINTED EVIDENCE PRESENTED. DID THE COURT OF APPEALS ERR WHEN IT CONCLUDED THAT THE EVIDENCE WAS LEGALLY SUFFICIENT?**

Mr. Stevenson challenged the legal sufficiency of the State's evidence regarding the aggravated robbery because the evidence presented at trial both established reasonable doubt and was, at best, merely a "modicum" of evidence of an element of the offense. *Ervin v. State,* 331 S.W.3d 49, 55 (Tex. App.-Houston [1st Dist] 2010, pet. ref'd). On appeal, the Court of Appeals found the evidence legally sufficient to support the judgment because: "we defer to the jury's resolution of conflicting witness testimony. *See Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). *Stevenson v.*

*State*, 14-13-00690-CR, 2014 WL 6085583, at *5 (Tex. App.—Houston [14th Dist.] Nov. 13, 2014).

Under the indictment, the State was required to prove beyond a reasonable doubt that Mr. Stevenson "did then and there unlawfully, while in the course of committing theft of property owned by Rosendo Morales, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place Rosendo Morales in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, namely, a firearm." (C.R. at 12).

Cilia Green, Stevenson's wife, was at home with Stevenson during the time this incident occurred. (3 R.R. at 93). The two of them woke up around 1:30 in the afternoon, ate lunch, and watched movies for the entire day. (3 R.R. at 93-94). At no point during the afternoon was Stevenson out of her presence. (3 R.R. at 94). Furthermore, no prints or other biological evidence linked Stevenson to the crime. (3 R.R. at 44, 50, 72). There was no testimony that Stevenson was found with any of the items stolen from the shop. In fact, the only evidence tying Stevenson to the incident was Morales's problematic identification almost one year after the incident occurred and the surveillance video accompanied by still photographs. (3 R.R. at 29, 32).

The State must prove each element of an offense beyond a reasonable doubt. If the State does not satisfy this burden on any element, then the evidence is legally insufficient and the defendant is entitled to a judgment of acquittal. *See Winfrey v. State*, 393 S.W. 3d 763, 772-3 (Tex. Crim. App. 2013) (reversing capital murder conviction

for insufficient evidence of D's identity; reversing conspiracy conviction for insufficient evidence of agreement).

An appellate court is to apply a "rigorous" *Jackson v. Virginia* analysis of the sufficiency of evidence. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). *See, also, Temple v. State*, 342 S.W.3d 572, 628 (Tex. App.--Houston. [14th Dist.] 2010, no pet.) (McCally, J., dissenting to denial of rehearing en banc). Under the *Brooks/Jackson* standard:

> Legal sufficiency of the evidence in a criminal proceeding may be divided into two zones: evidence of such sufficient strength, character, and credibility to engender certainty beyond a reasonable doubt in the reasonable fact finder's mind and evidence that lacks that strength. Appellate review of a jury's verdict of criminal conviction focuses solely on that "either-or" character of evidentiary sufficiency because a defendant is entitled to an acquittal if the evidence lacks that strength.

*Brooks* at 918 (Cochran, J., concurring).

This standard embraces two scenarios constituting insufficient evidence. "Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard in two circumstances: (1) the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt." *Ervin,* 331 S.W.3d at 55.

The alibi testimony coupled with the lack of physical evidence and the problematic photo array that was not presented to the complainant until almost one year after the incident occurred conclusively establishes reasonable doubt. Although the jury is the sole judge of the weight of the evidence and may choose to believe all,

some, or none of it and reconciliation of conflicts in the evidence is within the exclusive province of the jury, this Court's decision in *Ervin*, which envisions a situation in which the evidence can conclusively establish reasonable doubt, surely limits even the jury's powers when the evidence so clearly militates against a verdict of guilt. *Wade v. State*, 951 S.W.2d 886, 889 (Tex. App. – Waco, 1997, pet. ref'd). Some "conflicts" cannot be resolved by rational jurors. This point is supported by Justice Jenning's policy argument for a "rigorous" legal sufficiency review in his concurrence in Ervin:

> Although the right to trial by jury is indeed the bulwark of our liberties, no one has ever seriously argued that juries always 'get it right,' even when there is, at a bare minimum, legally-sufficient evidence to support their verdict. Even today, the reality is that there are individuals who have been convicted by juries of criminal offenses with legally sufficient evidence only to be later exonerated after spending a considerable amount of time in prison. Thus, an additional judicial check, as contemplated in the factual-conclusivity clause, on a jury's authority to decide questions of fact is not inappropriate and serves to further protect against wrongful conviction.

*Ervin*, 331 S.W.3d at 59 (Jennings, J., concurring.).

Legal sufficiency is judged by the quality, not the quantity, of evidence supporting the adequacy of the verdict. *Brooks* at 917. "In criminal cases, only that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Id.* An appellate court defers to the fact finder's resolution of conflicting evidence, unless the resolution is not rational. *See*

*Temple*, 342 S.W.3d at 584. In this case, resolution of the conflicting statements is not rational. The Court of Appeals erred in holding that the evidence was legally sufficient to prove that Mr. Stevenson committed an aggravated robbery.

## PRAYER

Mr. Stevenson asks the Court to grant his petition and conduct a full review of his appeal in the Fourteenth Court of Appeals.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas


  s/Frances Bourliot
**FRANCES BOURLIOT**
Assistant Public Defender
Harris County, Texas
Texas Bar No. 24062419
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 437-4317
frances.bourliot@pdo.hctx.net

6

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing petition for discretionary review has been served on the District Attorney of Harris County, Texas, by e-file on the 14th day of January, 2015. A copy has also been sent by e-file to the State Prosecuting Attorney, also on the 14th day of January, 2015.

s/Frances Bourliot
Frances Bourliot

## Certificate of Compliance

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i)*.

1.      This brief contains 1,963 words printed in a proportionally spaced typeface.

2.      This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 13 point font in footnotes produced by Microsoft Word software.

3.      Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

s/Frances Bourliot
Frances Bourliot

**Affirmed and Memorandum Opinion filed November 13, 2014**



In The

## Fourteenth Court of Appeals

### NO. 14-13-00690-CR

### CORDERO JARREAL STEVENSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1299880**

### M E M O R A N D U M    O P I N I O N

A jury convicted appellant Cordero Jarreal Stevenson of aggravated robbery with a deadly weapon[1] and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for thirty-three years. Appellant filed a timely notice of appeal. We affirm.

---

[1] *See* Tex. Penal Code Ann. §§ 29.02(a)(1), 29.03(a)(2) (West 2011).

Appellant raises four issues. In his first issue, appellant claims the trial court erred in denying his motion to suppress an out-of-court identification because the procedure was unconstitutionally suggestive. Appellant's second issue argues the trial court erred in admitting the complainant's in-court identification because it was unreliable considering the totality of the circumstances. Issue three contends the trial court violated appellant's right to due process by admitting evidence of the complainant's out-of-court identification without instructing the jury on the unreliability of eyewitness identification. Finally, appellant asserts the evidence is insufficient to support his conviction.

## BACKGROUND

An aggravated robbery occurred on April 8, 2010, at the Java Gold store. The business was owned by Hehmood Ghaznavi. Ghaznavi was deceased at the time of trial. Rosendo Morales was present in the store to fix Ghaznavi's computer. Two men came into the business. Approximately five minutes later a third man entered. All three men pulled guns out and pointed them at Ghaznavi and Morales. The men started asking for money and searching for it. Morales identified appellant as the third person that came into the store and as the man in the video surveillance wearing a red shirt. Morales testified appellant searched Ghaznavi's pockets and took what Morales had in his pockets, a wallet containing "probably couple hundred dollars" in cash and a silver cross. The men took Morales's two cell phones and two guns from inside the store. One of the other men took Morales's keys and they stole his car. The car was found about four or five blocks from the store, but everything in it was taken – a computer, computer screens, and laptops. Fingerprints were taken at the scene but none were identified as appellant's.

2

Sergeant Antonio Guzman, an investigator with the robbery division of the Houston Police Department, testified that he first spoke with Morales and Ghaznavi six days after the robbery. He obtained a surveillance video and it was shown on local television around April 16, 2010. On March 22, 2011, Guzman received a Crime Stoppers tip regarding appellant. He obtained a photograph of appellant and prepared a photo array. When Guzman showed the array to Morales, he immediately identified appellant.

## DENIAL OF MOTION TO SUPPRESS OUT-OF-COURT IDENTIFICATION

Appellant's first issue contends the trial court erred in denying his motion to suppress his out-of-court identification by Morales. Appellant claims the out-of-court identification procedure gave rise to a substantial likelihood of an irreparable misidentification.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Shepherd v. State,* 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). "[A] pretrial identification procedure may be so suggestive and conducive to mistaken identification that subsequent use of that identification at trial would deny the accused due process of law." *Conner v. State*, 67 S.W.3d 192, 200 (Tex. Crim. App. 2001). We apply a two-step analysis to determine the admissibility of an in-court identification: (1) whether the pretrial identification procedure was impermissibly suggestive, and, if so, (2) whether that suggestive procedure gave rise to a substantial likelihood of an irreparable in-court misidentification. *Id*. An appellant must establish both of these elements by clear and convincing evidence. *Santos v. State*, 116 S.W.3d 447, 451 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (citing *Delk v. State*, 855 S.W.2d 700, 706 (Tex. Crim. App. 1993)).

Suggestiveness may arise from the manner in which a pretrial identification procedure is conducted. *Barley v. State*, 906 S.W.2d 27, 33–34 (Tex. Crim. App.

1995). For example, a police officer may point out the suspect or suggest that a suspect is included in a lineup or photographic array. *Id.* Also, the content of a lineup or photographic array itself may be suggestive if the suspect is the only individual who closely resembles the description given by the witness. *Id.* An individual procedure may be suggestive or the cumulative effect of procedures may be suggestive. *Id.*

In his motion to suppress, appellant claimed the photo spread did not contain photos of other individuals who are similar in appearance to the defendant. Sergeant Guzman testified that he prepared the photo array from a database of mug shot photographs in the Houston Police Department ("HPD") criminal files. Appellant was placed in the No. 6 position. He then contacted the victims of the robbery, Morales and Ghaznavi. Guzman testified that he usually gives witnesses a standard HPD admonishment. He instructs them the suspect or the person who committed the crime may or may not be in the array, to look at each photo carefully, to take their time and, if they see the individual, point him out. Guzman testified that he did not, in any way, point out the individual that he wanted identified. Further, he testified that all the individuals in the photo array are of the same race, around the same age, and have similar facial hair. Guzman testified that he handed Morales the array and after a few seconds, Morales pointed at the No. 6 position and said, "That's him." Guzman identified appellant as the individual Morales selected from the array.

Appellant argued at the hearing that only the person in position No. 5 had a complexion as dark as his, but that person's features were much broader and bulkier than appellant's slender build. On appeal, appellant asserts that he and the person in position No. 5 were the two darkest-complexioned individuals in the array and that the face of the person in position No. 5 was noticeably "thicker".

4

The photo array is comprised of six pictures of black men of similar age, facial features, skin color, and hair styles. All are dressed in white t-shirts. The person in position No. 2 is also wearing a collared shirt or jacket and the person in position No. 5 has on a black jacket. The person in position No. 5 does have the darkest complexion but appellant's complexion is also similar to that of the person in position No. 3. All six men have the same haircut and very similar facial hair. The face of the person in positon No. 5 is broader than appellant's but his face is also closer to the camera. The faces of the other men reflect a similar build to appellant.

A photo array is not improperly suggestive merely because the photographs of six individuals can be distinguished in some manner. *See Mungia v. State*, 911 S.W.2d 164, 168 (Tex. App.—Corpus Christi 1995, no pet.). "[L]ineup participants need not be identical to satisfy due process requirements." *Luna v. State*, 268 S.W.3d 594, 607–08 (Tex. Crim. App. 2008). We conclude appellant did not prove, by clear and convincing evidence, that the out-of-court identification procedure used here was impermissibly suggestive. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to suppress. Because appellant did not establish the photo array was unduly suggestive, we need not address whether the procedure gave rise to a very substantial likelihood of irreparable misidentification. Issue one is overruled.

### ADMISSION OF IN-COURT IDENTIFICATION

In his second issue, appellant claims the trial court erred in allowing Morales to identify him in-court because, considering the totality of the circumstances, it was unreliable. The record reflects Morales identified appellant in court as one of the men who came into the store to commit the robbery. There was no objection to his testimony. Subsequently, Morales was asked if "the man in the red shirt in

5

State's Exhibit 7" was appellant. An objection was made to "a leading question" after Morales answered, "Yes."

The record does not reflect any objection was made to Morales's in-court identification of appellant. Generally, to preserve error, a party must make a timely, specific objection to apprise the trial court of the basis for the request, objection, or motion and receive an adverse ruling. *See* Tex. R. App. P. 33.1(a)(1). Accordingly, appellant's argument presents nothing for our review and we overrule issue two.

### INSTRUCTION ON UNRELIABILITY OF EYEWITNESS IDENTIFICATION

Appellant's third issue claims the trial court erred in failing to instruct the jury on the unreliability of eyewitness identification. Appellant neither requested such an instruction nor objected to its omission at trial.

We first determine whether there was error in the charge when reviewing a claim of charge error. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If the appellant objected at trial, we must reverse if there was error and the error caused some harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App.1985); *Barrios*, 283 S.W.3d at 350. If the appellant did not object, however, we reverse only if there was error and it caused egregious harm. *Almanza*, 686 S.W.2d at 171. The analytical framework for assessing harm does not apply unless we first find error in the jury charge. *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998).

"[A] defendant must object to the charge before he may be heard to complain on appeal about 'errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts.'" *Id*. (quoting Tex. Code Crim. Proc.

6

art. 36.14). Therefore, "when *Almanza* speaks of 'erroneous' omissions of issues in the court's charge, it speaks of omissions of issues upon which a trial court has a duty to instruct without a request from either party or issues that have been timely brought to the trial court's attention." *Id*. at 63–64. And although the trial judge has "an absolute sua sponte duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged," he does not have a "similar sua sponte duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues. These are issues that frequently depend upon trial strategy and tactics." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); *see Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011) ("We have previously held that [a]rticle 36.14 imposes no duty on trial courts to sua sponte instruct the jury on unrequested defensive issues.... An unrequested defensive issue is not the law applicable to the case.") (citing *Posey*, 966 S.W.2d at 62).

In this case, appellant neither requested an instruction on the unreliability of eyewitness identification nor objected to the omission of such an instruction at trial. Because the trial court had no duty to sua sponte instruct the jury regarding all potential defensive issues and evidentiary theories, appellant cannot complain of this omission for the first time on appeal. *See Delgado*, 235 S.W.3d at 249–50; *Posey*, 966 S.W.2d at 61–64. *See also Webber v. State*, 29 S.W.3d 226, 233 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ("a defensive issue is not part of the law applicable to the case unless the accused requests it to be or objects to its omission."). Accordingly, appellant's third issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

Appellant's fourth issue claims the evidence is insufficient to support his conviction. Appellant points to evidence that he had an alibi, there was no physical

7

evidence linking him to the crime, and he was not found with any of the stolen items.

Cilia Green, appellant's wife, testified that on the day in question he was home with her for the entire day. On cross-examination Green admitted that she had never talked to the police or the prosecutors and told them of appellant's alibi.

Appellant argues "the only evidence tying [him] to the incident was Morales's problematic identification almost one year after the incident occurred." "The testimony of a single eyewitness can be enough to support a conviction." *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The jury resolves any conflicts or inconsistencies in the evidence and decides whether to believe eyewitness testimony. *Id.* The jury weighs the evidence and may find guilt without physical evidence linking the accused to the crime. *Id.* In addition to Morales's identification of appellant, the record reflects the surveillance video from the store was admitted into evidence, as well as seventeen still photographs from the video. The jurors were able to view the video and the photographs before determining whether appellant was one of the robbers.

Although Green provided appellant with an alibi, we defer to the jury's resolution of conflicting witness testimony. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury was free to credit the testimony of the eyewitness and disbelieve Green's testimony. *See Losada v. State,* 721 S.W.2d 305, 309 (Tex. Crim. App. 1986) (holding jury is sole judge of witness credibility and may believe some witnesses and refuse to believe others).

Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Isassi*, 330 S.W.3d at 638; and *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We hold the evidence is

legally sufficient to support appellant's conviction. Appellant's fourth issue is overruled.

## CONCLUSION

Having overruled all of appellant's issues, the judgment of the trial court is affirmed.

/s/    Marc W. Brown
Justice

Panel consists of Justices McCally, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

**Affirmed and Memorandum Opinion filed November 13, 2014**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00690-CR

### CORDERO JARREAL STEVENSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1299880**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Cordero Jarreal Stevenson of aggravated robbery with a deadly weapon[1] and sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for thirty-three years. Appellant filed a timely notice of appeal. We affirm.

---

[1] *See* Tex. Penal Code Ann. §§ 29.02(a)(1), 29.03(a)(2) (West 2011).

Appellant raises four issues. In his first issue, appellant claims the trial court erred in denying his motion to suppress an out-of-court identification because the procedure was unconstitutionally suggestive. Appellant's second issue argues the trial court erred in admitting the complainant's in-court identification because it was unreliable considering the totality of the circumstances. Issue three contends the trial court violated appellant's right to due process by admitting evidence of the complainant's out-of-court identification without instructing the jury on the unreliability of eyewitness identification. Finally, appellant asserts the evidence is insufficient to support his conviction.

## BACKGROUND

An aggravated robbery occurred on April 8, 2010, at the Java Gold store. The business was owned by Hehmood Ghaznavi. Ghaznavi was deceased at the time of trial. Rosendo Morales was present in the store to fix Ghaznavi's computer. Two men came into the business. Approximately five minutes later a third man entered. All three men pulled guns out and pointed them at Ghaznavi and Morales. The men started asking for money and searching for it. Morales identified appellant as the third person that came into the store and as the man in the video surveillance wearing a red shirt. Morales testified appellant searched Ghaznavi's pockets and took what Morales had in his pockets, a wallet containing "probably couple hundred dollars" in cash and a silver cross. The men took Morales's two cell phones and two guns from inside the store. One of the other men took Morales's keys and they stole his car. The car was found about four or five blocks from the store, but everything in it was taken – a computer, computer screens, and laptops. Fingerprints were taken at the scene but none were identified as appellant's.

Sergeant Antonio Guzman, an investigator with the robbery division of the Houston Police Department, testified that he first spoke with Morales and Ghaznavi six days after the robbery. He obtained a surveillance video and it was shown on local television around April 16, 2010. On March 22, 2011, Guzman received a Crime Stoppers tip regarding appellant. He obtained a photograph of appellant and prepared a photo array. When Guzman showed the array to Morales, he immediately identified appellant.

### DENIAL OF MOTION TO SUPPRESS OUT-OF-COURT IDENTIFICATION

Appellant's first issue contends the trial court erred in denying his motion to suppress his out-of-court identification by Morales. Appellant claims the out-of-court identification procedure gave rise to a substantial likelihood of an irreparable misidentification.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Shepherd v. State,* 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). "[A] pretrial identification procedure may be so suggestive and conducive to mistaken identification that subsequent use of that identification at trial would deny the accused due process of law." *Conner v. State*, 67 S.W.3d 192, 200 (Tex. Crim. App. 2001). We apply a two-step analysis to determine the admissibility of an in-court identification: (1) whether the pretrial identification procedure was impermissibly suggestive, and, if so, (2) whether that suggestive procedure gave rise to a substantial likelihood of an irreparable in-court misidentification. *Id*. An appellant must establish both of these elements by clear and convincing evidence. *Santos v. State*, 116 S.W.3d 447, 451 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (citing *Delk v. State*, 855 S.W.2d 700, 706 (Tex. Crim. App. 1993)).

Suggestiveness may arise from the manner in which a pretrial identification procedure is conducted. *Barley v. State*, 906 S.W.2d 27, 33–34 (Tex. Crim. App.

1995). For example, a police officer may point out the suspect or suggest that a suspect is included in a lineup or photographic array. *Id.* Also, the content of a lineup or photographic array itself may be suggestive if the suspect is the only individual who closely resembles the description given by the witness. *Id.* An individual procedure may be suggestive or the cumulative effect of procedures may be suggestive. *Id.*

In his motion to suppress, appellant claimed the photo spread did not contain photos of other individuals who are similar in appearance to the defendant. Sergeant Guzman testified that he prepared the photo array from a database of mug shot photographs in the Houston Police Department ("HPD") criminal files. Appellant was placed in the No. 6 position. He then contacted the victims of the robbery, Morales and Ghaznavi. Guzman testified that he usually gives witnesses a standard HPD admonishment. He instructs them the suspect or the person who committed the crime may or may not be in the array, to look at each photo carefully, to take their time and, if they see the individual, point him out. Guzman testified that he did not, in any way, point out the individual that he wanted identified. Further, he testified that all the individuals in the photo array are of the same race, around the same age, and have similar facial hair. Guzman testified that he handed Morales the array and after a few seconds, Morales pointed at the No. 6 position and said, "That's him." Guzman identified appellant as the individual Morales selected from the array.

Appellant argued at the hearing that only the person in position No. 5 had a complexion as dark as his, but that person's features were much broader and bulkier than appellant's slender build. On appeal, appellant asserts that he and the person in position No. 5 were the two darkest-complexioned individuals in the array and that the face of the person in position No. 5 was noticeably "thicker".

4

The photo array is comprised of six pictures of black men of similar age, facial features, skin color, and hair styles. All are dressed in white t-shirts. The person in position No. 2 is also wearing a collared shirt or jacket and the person in position No. 5 has on a black jacket. The person in position No. 5 does have the darkest complexion but appellant's complexion is also similar to that of the person in position No. 3. All six men have the same haircut and very similar facial hair. The face of the person in positon No. 5 is broader than appellant's but his face is also closer to the camera. The faces of the other men reflect a similar build to appellant.

A photo array is not improperly suggestive merely because the photographs of six individuals can be distinguished in some manner. *See Mungia v. State*, 911 S.W.2d 164, 168 (Tex. App.—Corpus Christi 1995, no pet.). "[L]ineup participants need not be identical to satisfy due process requirements." *Luna v. State*, 268 S.W.3d 594, 607–08 (Tex. Crim. App. 2008). We conclude appellant did not prove, by clear and convincing evidence, that the out-of-court identification procedure used here was impermissibly suggestive. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to suppress. Because appellant did not establish the photo array was unduly suggestive, we need not address whether the procedure gave rise to a very substantial likelihood of irreparable misidentification. Issue one is overruled.

## ADMISSION OF IN-COURT IDENTIFICATION

In his second issue, appellant claims the trial court erred in allowing Morales to identify him in-court because, considering the totality of the circumstances, it was unreliable. The record reflects Morales identified appellant in court as one of the men who came into the store to commit the robbery. There was no objection to his testimony. Subsequently, Morales was asked if "the man in the red shirt in

5

State's Exhibit 7" was appellant. An objection was made to "a leading question" after Morales answered, "Yes."

The record does not reflect any objection was made to Morales's in-court identification of appellant. Generally, to preserve error, a party must make a timely, specific objection to apprise the trial court of the basis for the request, objection, or motion and receive an adverse ruling. *See* Tex. R. App. P. 33.1(a)(1). Accordingly, appellant's argument presents nothing for our review and we overrule issue two.

### INSTRUCTION ON UNRELIABILITY OF EYEWITNESS IDENTIFICATION

Appellant's third issue claims the trial court erred in failing to instruct the jury on the unreliability of eyewitness identification. Appellant neither requested such an instruction nor objected to its omission at trial.

We first determine whether there was error in the charge when reviewing a claim of charge error. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If the appellant objected at trial, we must reverse if there was error and the error caused some harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App.1985); *Barrios*, 283 S.W.3d at 350. If the appellant did not object, however, we reverse only if there was error and it caused egregious harm. *Almanza*, 686 S.W.2d at 171. The analytical framework for assessing harm does not apply unless we first find error in the jury charge. *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998).

"[A] defendant must object to the charge before he may be heard to complain on appeal about 'errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts.'" *Id*. (quoting Tex. Code Crim. Proc.

art. 36.14). Therefore, "when *Almanza* speaks of 'erroneous' omissions of issues in the court's charge, it speaks of omissions of issues upon which a trial court has a duty to instruct without a request from either party or issues that have been timely brought to the trial court's attention." *Id*. at 63–64. And although the trial judge has "an absolute sua sponte duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged," he does not have a "similar sua sponte duty to instruct the jury on all potential defensive issues, lesser-included offenses, or evidentiary issues. These are issues that frequently depend upon trial strategy and tactics." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); *see Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011) ("We have previously held that [a]rticle 36.14 imposes no duty on trial courts to sua sponte instruct the jury on unrequested defensive issues.... An unrequested defensive issue is not the law applicable to the case.") (citing *Posey*, 966 S.W.2d at 62).

In this case, appellant neither requested an instruction on the unreliability of eyewitness identification nor objected to the omission of such an instruction at trial. Because the trial court had no duty to sua sponte instruct the jury regarding all potential defensive issues and evidentiary theories, appellant cannot complain of this omission for the first time on appeal. *See Delgado*, 235 S.W.3d at 249–50; *Posey*, 966 S.W.2d at 61–64. *See also Webber v. State*, 29 S.W.3d 226, 233 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ("a defensive issue is not part of the law applicable to the case unless the accused requests it to be or objects to its omission."). Accordingly, appellant's third issue is overruled.

### SUFFICIENCY OF THE EVIDENCE

Appellant's fourth issue claims the evidence is insufficient to support his conviction. Appellant points to evidence that he had an alibi, there was no physical

evidence linking him to the crime, and he was not found with any of the stolen items.

Cilia Green, appellant's wife, testified that on the day in question he was home with her for the entire day. On cross-examination Green admitted that she had never talked to the police or the prosecutors and told them of appellant's alibi.

Appellant argues "the only evidence tying [him] to the incident was Morales's problematic identification almost one year after the incident occurred." "The testimony of a single eyewitness can be enough to support a conviction." *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The jury resolves any conflicts or inconsistencies in the evidence and decides whether to believe eyewitness testimony. *Id.* The jury weighs the evidence and may find guilt without physical evidence linking the accused to the crime. *Id.* In addition to Morales's identification of appellant, the record reflects the surveillance video from the store was admitted into evidence, as well as seventeen still photographs from the video. The jurors were able to view the video and the photographs before determining whether appellant was one of the robbers.

Although Green provided appellant with an alibi, we defer to the jury's resolution of conflicting witness testimony. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury was free to credit the testimony of the eyewitness and disbelieve Green's testimony. *See Losada v. State,* 721 S.W.2d 305, 309 (Tex. Crim. App. 1986) (holding jury is sole judge of witness credibility and may believe some witnesses and refuse to believe others).

Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Isassi*, 330 S.W.3d at 638; and *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We hold the evidence is

legally sufficient to support appellant's conviction. Appellant's fourth issue is overruled.

## CONCLUSION

Having overruled all of appellant's issues, the judgment of the trial court is affirmed.

/s/    Marc W. Brown
        Justice

Panel consists of Justices McCally, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).