**Opinion filed June 8, 2017**



### In The

# 𝕰𝖑𝖊𝖛𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## Nos. 11-15-00078-CR, 11-15-00079-CR, & 11-15-00080-CR

_____

### JOE FRANK CUELLAR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause Nos. 11381, 11383, & 11384**

### M E M O R A N D U M   O P I N I O N

In four separate indictments, the grand jury indicted Joe Frank Cuellar for the sexual assault of C.G., D.G., C.G., and L.G. The State abandoned the indictment that involved L.G. The three remaining cases were tried together. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2016). The jury found Appellant guilty of the offenses as charged in the remaining three indictments and assessed his punishment at confinement for life in each case. The trial court sentenced him

accordingly. Appellant presents three identical issues for each case on appeal. We affirm.

In 2006, C.G., D.G., C.G., L.G., and their brother, M.G., were removed from their parents' home by CPS and placed with Rosa, the children's biological aunt. In 2008, Rosa and her then husband adopted the children. The children lived for a time with their adoptive father in Fort Hood, Texas. When the adoptive father was accused of sexually assaulting the children, they moved back in with Rosa; Rosa was living with Appellant at that time.

Appellant's sister became suspicious that Appellant was sexually abusing the children, and she reported her suspicions to the police. The police began an investigation, and during the investigation, the four girls revealed that they had all been sexually assaulted by Appellant.

In Appellant's first issue, he argues that the trial court erred when it refused to grant Appellant a continuance. Appellant specifically argues that under Article 39.14(b), the State had to disclose its expert witnesses within twenty days of trial. TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (West Supp. 2016).

The State voluntarily disclosed its expert witnesses on January 14, 2015, when it filed a document in which it listed its potential experts; Stephanie Quintanar, a licensed therapist and counselor, was on the State's expert witness list. On January 23, 2015, four days before trial, Appellant requested that the trial court order the State to disclose any expert witnesses whom the State intended to call at trial. The trial court did not rule on Appellant's disclosure request, nor did it order the State to disclose its potential expert witnesses.

Quintanar testified at trial for the State. At the conclusion of Quintanar's testimony, in a bench conference outside the presence of the jury, defense counsel renewed his objection to Quintanar's testimony because of the State's late designation of expert witnesses. Defense counsel conceded that Quintanar was on

2

the list filed by the State but explained that he did not believe she was going to be called because she was number five on the list. The prosecutor explained that Quintanar's name had been in the State's file since the beginning and that the State had always intended to call her to testify. The trial court overruled Appellant's objection.

To preserve error under the version of Article 39.14(b) that is applicable here,[1] Appellant must have obtained an order from the trial court in which the court required the State to disclose its expert witnesses within twenty days of trial. *Harris v. State*, 287 S.W.3d 785, 793 (Tex. App.—Houston [1st Dist.] 2009, no pet.), *abrogated on other grounds by Barrios v. State*, 283 S.W.3d 348 (Tex. Crim. App. 2009); *see Tamez v. State*, 205 S.W.3d 32 (Tex. App.—Tyler 2006, no pet.). Because Appellant failed to obtain an order on his request for disclosure, he has not preserved error for our review on this issue. Appellant's first issue is overruled.

In his second issue, Appellant contends that the trial court erred when it found that a witness whom Appellant wanted to testify was unavailable. At the end of the bench conference mentioned above, defense counsel informed the trial court that he would like L.G. presented to the trial court to determine her availability to testify. Defense counsel explained that he had "served a subpoena" for L.G. on the district attorney's office but that he had decided not to move forward with securing her presence. However, because of testimony elicited at trial regarding L.G., defense counsel changed his mind about her presence at trial.

To determine L.G.'s "availability," the trial court wanted to evaluate whether L.G. was physically available and whether testifying would further traumatize her.

---

[1]We note that Article 39.14(b) was amended in 2015 and no longer requires a court order. *See* Act of May 22, 2015, 84th Leg., R.S., ch. 459, 2015 Tex. Gen. Laws 1774 (effective September 1, 2015). However, because Appellant's offenses were committed before September 1, 2015, the prior version of Article 39.14(b) applies. *See id.* ch. 459, § 2; *Benedict v. State*, No. 05-15-00958-CR, 2016 WL 3742127, at *4–5 (Tex. App.—Dallas July 7, 2016, pet. ref'd) (mem. op.).

Quintanar was the most recent expert to have interviewed L.G. Quintanar explained that L.G. had tried to commit suicide five or six days after their last counseling session. L.G. had spent time in a psychiatric unit and then resided in a therapeutic home designed to help children with extreme behavioral problems and emotional instability. Quintanar said that L.G. suffered from post-traumatic stress disorder and that, if she were to testify, it would potentially result in making the PTSD worse. Quintanar stated that L.G. experienced "depression, anxiety, acting out, getting in trouble at school . . . sexually acting out with boys" and that Quintanar feared for L.G.'s safety from herself.

Appellant argues that his constitutional right to compulsory process to bring witnesses to court was violated. The right to compulsory process is "the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." *Coleman v. State*, 966 S.W.2d 525, 527 (Tex. Crim. App. 1998) (quoting *Washington v. Texas*, 388 U.S. 14, 19 (1967)). It does not guarantee, however, the right to secure evidence from any and all witnesses; rather, compulsory process is guaranteed only for obtaining evidence that would be both material and favorable to the defense. *See id.* at 527–28. To exercise his right to compulsory process, Appellant must have made a plausible showing to the trial court, by sworn evidence or agreed facts, that the witness's testimony would be both material and favorable to the defense. *Id.* at 528. The burden of proving materiality and favorableness is on the defendant. *See id.* We review a complaint that the trial court violated a defendant's right to compulsory process under an abuse of discretion standard. *Emenhiser v. State*, 196 S.W.3d 915, 921 (Tex. App.—Fort Worth 2006, pet. ref'd).

Appellant has not met his burden. "A defendant who has not had an opportunity to interview a witness may make the necessary showing by establishing the matters to which the witness might testify and the relevance and importance of

4

those matters to the success of the defense." *Coleman*, 966 S.W.2d at 528. At trial, Appellant argued that, because testimony had been brought up in regard to L.G., his "Constitutional rights under Crawford [had] been invoked." However, Appellant did not present any evidence to the trial court about what L.G. may have testified to or how her testimony would be material or favorable to his case. On appeal, Appellant contends that L.G.'s testimony would have supported his defense that L.G., the oldest sibling, would persuade or physically force her younger sisters to say what she wanted them to say. Appellant argues that L.G.'s testimony would have shown that, because she wanted out of the house so badly, she "convinced her siblings to use their prior experience of abuse to make a second set of factually similar allegations against [Appellant]." While Appellant argues that L.G. was "the person who would know most about the matter," he has not shown what L.G. would have actually testified to or how her testimony would have been material and favorable to Appellant's defense. Additionally, Appellant presented no evidence on the matter. Thus, we hold that, because Appellant has not met his burden to show how L.G.'s testimony would have been material or favorable to the defense, his right to compulsory process was not violated.

Appellant further argues that "availability" only applies in a hearsay context and that, because "[n]o one tried to offer former testimony or other hearsay-type evidence" from an unavailable witness, a ruling that a witness is unavailable under Rule 804 is meaningless. *See* TEX. R. EVID. 804. Further, Appellant contends that, although a witness can be precluded from testifying if she is found to be incompetent, the State failed to show that L.G. was incompetent. However, we will uphold a trial court's ruling if it is reasonably supported by the record and is correct under any theory of law. *Hayden v. State*, 296 S.W.3d 549, 553 (Tex. Crim. App. 2009). Even if the trial court improperly found L.G. to be unavailable to testify, we have held that Appellant did not show that L.G.'s testimony would be material and

favorable to his defense; therefore, we cannot say that the trial court abused its discretion. Appellant's second issue is overruled.

In Appellant's third issue, he asserts that the trial court erred when it allowed the State to "delve into and highlight" Appellant's religious beliefs in front of the jury. We take Appellant's argument to be a challenge to admitted evidence under Rule 403 of the Texas Rules of Evidence. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.*

Appellant complains of pictures that were admitted into evidence that depict Appellant's pickup with a sign on the side that said "Emmanuel Construction" and "J.C. – owner"; of pictures of Appellant's house that depicted the sign over the door that read "Christ"; and of witness testimony elicited by the State about Appellant's belief that he was Christ and the effect those beliefs had on the children. Appellant argues that the evidence was irrelevant and "likely inflamed the passions of the jury for reasons unrelated to the merits of the case or the evidence presented." The State argues that the evidence was relevant to show how Appellant used his power as "Jesus Christ" to influence the children to submit to the abuse by him. Appellant asserts that, even if the trial court believed the evidence to be relevant, the State did not connect the evidence about his beliefs to the alleged control.

However, Appellant has waived any error that might exist. Appellant filed a pretrial motion in limine in regard to Appellant's religious beliefs. The trial court heard the motion prior to voir dire and ruled that the State could discuss Appellant's religious beliefs without first approaching the bench if the discussion was in the context of how Appellant's religious beliefs were used to coerce, intimidate, or control the victims. At trial, Appellant objected to the admission of the complained-of pictures but failed to make a specific, timely objection to the State's questions and

6

witness testimony to which Appellant directs us in his brief. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (To preserve error, the complaining party must make a specific objection at the earliest possible opportunity.). The admitted pictures and the testimony of which Appellant complains both involve Appellant's religious belief that he is Jesus Christ.

It is well established that questions that involve the admission of evidence are rendered moot if the same evidence is elsewhere introduced without objection; any error in admitting evidence over a proper objection is harmless if the same evidence is subsequently admitted without objection. *Chamberlain v. State*, 998 S.W.2d 230, 235 (Tex. Crim. App. 1999). Further, a motion in limine does not preserve error; an objection must be made at the time the evidence is offered at trial. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). Accordingly, Appellant has not preserved error for our review on this issue. Appellant's third issue is overruled.

We affirm the judgments of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE


June 8, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.