**Affirmed; Opinion Filed October 10, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00942-CR

**ALEXANDER ABRAHAM, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-76956-N**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Schenck
Opinion by Justice Schenck

Alexander Abraham appeals his conviction for aggravated robbery. In a single issue, he complains the trial court improperly instructed the jury regarding parole eligibility in the punishment charge. We affirm the judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

In late December 2017, appellant was admitted to Serenity Crisis Residential Center where he was diagnosed with bipolar disorder and major depression. When appellant was released from Serenity, he met Victor Leos, who was also released from the center that morning. Both men were given bus passes, but Leos was unfamiliar with the bus system and had no other means of transportation. Leos asked appellant to show him how to get to Leos's home in Rowlett, and appellant agreed to do so. Appellant and Leos took the bus to downtown Dallas where they

purchased and used some marijuana from appellant's dealer. The two men then panhandled at a store and a restaurant before eventually arriving at a hotel at about 10 p.m. to get in out of the cold. When they got to the hotel room, appellant looked at Facebook on his cell phone, and Leos watched television. After about an hour and a half, appellant wanted to go outside to panhandle again, but Leos did not want to go out into the cold again. Appellant put on his jacket and gloves and acted as if he were going to leave when he turned to Leos and stabbed him in the chest and leg. Appellant then demanded Leos's cell phone, which Leos gave him, and appellant left the room. Leos managed to walk down stairs and ask a man at the front desk of the hotel to call 9-1-1. After a police officer arrived and obtained a description of appellant from Leos, an ambulance took Leos to the hospital where his injuries were treated.

Appellant was later arrested and indicted for aggravated robbery with a deadly weapon. The indictment contained an enhancement paragraph alleging a prior conviction of a federal felony offense. Appellant pleaded not guilty, and the case proceeded to trial before a jury. The jury found appellant guilty of the lesser-included offense of aggravated assault "as alleged in the indictment," and the trial court made a deadly-weapon finding. After a punishment hearing, the jury found the enhancement paragraph to be true and sentenced appellant to seventeen years' confinement and assessed a fine of $250.

### ANALYSIS

In his sole issue on appeal, appellant argues the trial court erred by omitting language from the punishment charge regarding his eligibility for parole.

We review purported error in a jury charge under a two-pronged test. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)). First, we determine whether error exists. *Id.* Second, if error occurred, then we must analyze that error for harm. *Id.*

In this case, appellant elected to have the jury assess his punishment. Therefore, the trial court was required to instruct the jury on the law of parole and how this law would be applied to appellant.[1]  The jury should have been charged as follows:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less. *If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole.* Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot accurately be predicted how the parole law might be applied to this defendant if sentenced to a term of imprisonment, because the application of that law will depend on decisions made by parole authorities.
>
> You may consider the existence of the parole law. You are not to consider the manner in which the parole law may be applied to this particular defendant.

TEX. CRIM. PROC. CODE ANN. art. 37.07, § 4(a).

> Instead, the jury was charged, in pertinent part:
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn.  Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot be accurately predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> You may consider the existence of the parole law and good conduct time.  However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant.  You are not to consider the manner in which the parole law may be applied to this particular defendant.

This instruction failed to inform the jury that if appellant were sentenced to a term of less than four years he must serve at least two years before he is eligible for parole and, thus, was erroneous.  Appellant did not object to the erroneous charge, however.  Therefore, the error

---

[1] The statutory instruction is constitutional and mandatory, and the precise language of article 37.07 is prohibited from alteration.  *See Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002).

supports reversal only if it is shown to be egregious and to have created such harm that appellant was deprived of a fair and impartial trial. *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015). Egregious harm is a high and difficult standard to meet, and such a determination must be borne out by the trial record. *Id.* (citations omitted). On appeal, neither party bears the burden of showing harm or a lack thereof under this standard. *Id.* We will not reverse a conviction unless the defendant has suffered actual rather than theoretical harm. *Id.* In examining the record to determine whether charge error has resulted in egregious harm to a defendant, we consider (1) the entirety of the jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole. *Id.* (citing *Almanza*, 686 S.W.2d at 171).

Appellant argues that because he pleaded not true to the enhancement paragraph, the jury could have found the allegation not true, which would have made the applicable punishment range two to twenty years' confinement, and thus the omitted language particularly relevant to his case. He points out that defense counsel mentioned parole during his punishment argument and requested appellant be sentenced to less than twenty years' confinement. Appellant further notes that the prosecutor did not argue for a particular sentence. The State responds that such arguments indicate theoretical rather than actual harm. We agree and now turn to consider the following factors to determine whether any actual egregious harm resulted as a result of this error: (1) the entirety of the jury charge, (2) the state of the evidence, including the contested issues and weight

of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole. *See Villarreal*, 453 S.W.3d at 433.

The over-arching purpose of the section 4(a) instruction is to inform the jurors of the concepts of "good conduct time" and parole as a general proposition and to prohibit the jury from using its notions of parole or "good conduct time" in any calculus in assessing the appropriate punishment. *See Luquis*, 72 S.W.3d at 360. In keeping with this purpose, the jury here was informed of the range of punishment, instructed to limit its deliberations, under the law and the evidence in the case, to the question of punishment, and instructed not to consider how "good conduct time" or parole may be applied to appellant when assessing punishment. Absent any evidence or other record indications to the contrary, we presume the jurors understood and followed the trial court's instructions in the jury charge, and appellant has failed to show otherwise. *See Soza v. State*, No. 05-17-00590-CR, 2018 WL 3387249, at *3 (Tex. App.—Dallas July 12, 2018, pet. ref'd). Thus, the first factor does not weight in favor of concluding appellant was egregiously harmed by the erroneous instruction.

With respect to the second factor, the state of the evidence, the evidence established, and appellant admitted in his testimony, that he caused serious injury to Leos. What appellant disputed was whether he took Leos's cell phone. The jury presumably believed appellant and convicted him of aggravated assault, instead of aggravated robbery. Aggravated assault is a second-degree felony for which the punishment range was a term of two to twenty years and a possible fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.33; 22.02. A finding of true of the enhancement paragraph meant that the offense was a first-degree felony for which the punishment range was a term of five to ninety nine years and a possible fine not to exceed $10,000. *See id.* §§ 12.32; 12.42. The jury sentenced him to seventeen years' confinement and a fine of $250, which was not in the range potentially impacted by the erroneous charge (a term of less than four years).

This second factor does not weigh in favor of concluding appellant was egregiously harmed by the erroneous instruction. *See Soza*, 2018 WL 3387249, at *3.

The third factor pertains to the arguments of counsel. In their closing arguments, both defense counsel and the State specified the decision during the guilt and innocence phase was only as to whether appellant committed an offense and made it clear the punishment would be determined at a later phase if necessary. During the punishment phase, defense counsel mentioned parole and stated, "You are not to consider the manner in which parole might be applied to a particular defendant." Defense counsel noted the range of punishment was from two to twenty years unless the jury found the enhancement paragraph regarding a prior conviction true, in which case the range was five to life. The State did not argue or suggest any specific length of punishment and did not request that the jury consider the possibility of parole in assessing appellant's punishment. Thus, the third factor does not weigh in favor of concluding appellant was egregiously harmed by the erroneous instruction. *See Soza*, 2018 WL 3387249, at *3.

As for the fourth factor of any other relevant information revealed by the record, appellant has presented no evidence, and nothing in the record suggests, the jury discussed, considered, or attempted to apply any aspect of parole law to appellant despite the charge's admonition not to do so. Further, appellant has presented no evidence showing the jury was misled by the parole law charge actually given or increased his sentence based on the absence of the portions of the article 37.07, section 4(a) instruction regarding a minimum of two years' service for a two to four year sentence. *See Soza*, 2018 WL 3387249, at *3. Thus, the fourth factor does not weigh in favor of concluding appellant was egregiously harmed by the erroneous instruction.

**CONCLUSION**

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47
180942F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ALEXANDER ABRAHAM, Appellant

No. 05-18-00942-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-76956-N.
Opinion delivered by Justice Schenck.
Chief Justice Burns and Justice Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of October, 2019.